IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.     Criminal No. 3:02-00231-01

JOHN DAVID MOONEY

**ARRAIGNMENT ORDER
AND
STANDARD DISCOVERY REQUESTS**

ENTERED
OCT 3 1 2002
___ L. KAY, CLERK
___ District & Bankruptcy Court
___ District of West Va.

### I. Arraignment Order

This day came the United States of America by  MILLER BUSHONG , Assistant United States Attorney, and also came the Defendant, JOHN DAVID MOONEY , in person, and by counsel, MARY LOU NEWBERGER .

After the Court interrogated the defendant and was satisfied that the defendant had received a copy of the indictment, and had read and understood the contents thereof, and that his attorney had explained the nature of the charges to him, the defendant entered a voluntary plea of **NOT GUILTY** to the indictment.

**IT IS ORDERED** that this case be set for trial to a jury at 9:30 a.m. on JAN. 7, 2003 , in HUNTINGTON , before the Honorable ROBERT C. CHAMBERS .

**IT IS FURTHER ORDERED** that a pretrial hearing on motions in this case be held on DEC. 19, 2002 , at 10:30 A.M. in HUNTINGTON . Pursuant to Rule 1.01(h) of the Local Rules of Criminal Procedure for the Southern District of West Virginia, counsel must notify the District Judge whether either party will seek to present evidence at the pretrial hearing on motions. Further, counsel must immediately notify the District Judge if agreement has been reached on all pretrial issues, rendering the pretrial hearing on motions unnecessary.

**IT IS FURTHER ORDERED** that the parties file all pretrial motions, together with supporting memoranda, no later than DEC. 13, 2002 . Proposed voir dire questions, jury instructions, and witness lists are to be filed with the Court no later than DEC. 30, 2002 .

The defendant ~~did~~ did not execute a waiver of right to be present at the hearings on motions prior to trial.

With respect to a defendant represented by court appointed counsel, **IT IS FURTHER ORDERED** that the defendant is given the right to subpoena witnesses to testify in this case on the date of trial, and the costs incurred by the process and fees of the witnesses so subpoenaed be paid in the same manner in which similar costs and fees are paid in case of witnesses so subpoenaed on behalf of the government.

## II. Custodial/NonCustodial Status

(Check Box Applicable)

✓ (i)     The defendant **is** ~~[redacted]~~ ordered detained pending trial.

___ (ii)     The Government has moved for an order of detention pending trial, and the Court hereby **ORDERS** that a hearing upon the government's motion be held on _____, at _____.

         The defendant is remanded to the temporary custody of the United States Marshal pending the detention hearing.

___ (iii)    The defendant was previously released on a surety/nonsurety bond in the amount of $ _____ with special conditions as set forth therein, and it is **ORDERED** that said bond shall continue.

___ (iv)    The defendant is hereby **ORDERED** released upon execution of a surety/nonsurety bond in the amount of $ _____, with the following special conditions.

      1.    The defendant shall not violate any local, state, or federal laws.
      2.    The defendant shall not possess a firearm, destructive device, or other dangerous weapon.
      3.    The defendant's travel is restricted to the Southern District of West Virginia.
      4.    The defendant shall submit to random urine screens as directed by the United States Probation Office for detection of use of controlled substances.
      5.    The defendant shall not contact, either directly or indirectly, any victim or potential witness in this case, except through counsel.

      6.    Other special conditions of release: _____

### III. Standard Discovery Request Form

(initial "a" or "b")

_____ (a) The defendant has elected not to utilize the Standard Discovery Request procedure, as set forth in Rule 1.01 of the Local Rules of Criminal Procedure.

Accordingly, the defendant is hereby **ORDERED** to file all pretrial motions, together with supporting memoranda, within twenty (20) days of this date, nor later than _____ . Responses shall be filed within seven (7) days, not later than _____ .

*[initialed]* (b) The defendant has elected to utilize the Standard Discovery Request procedure, as set forth in Rule 1.01 of the Local Rules of Criminal Procedure.

Whereupon, the following Standard Discovery Requests were made:

### 1. ON BEHALF OF THE DEFENDANT, THE GOVERNMENT IS REQUESTED TO:

(defense counsel must initial all applicable boxes)

*[initialed]* A. Disclose to defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The government shall also disclose to defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by defendant to be a government agent if the government intends to use the statement at trial. (FRCrimP 16(a)(1)(A)).

*[initialed]* B. Where the defendant is a corporation, partnership, association or labor union, disclose to it relevant recorded testimony of any witness before the grand jury who (1) was, at the time of that testimony, an officer or employee legally capable of binding defendant to conduct constituting the offense, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee legally capable of binding defendant to the alleged conduct in which the witness was involved. (FRCrimP 16(a)(1)(A)).

C. Permit the defendant to copy defendant's prior record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by exercise of due diligence may become known, to the attorney for the government. (FRCrimP 16(a)(1)(B)).

D. Permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense or intended for use by the government as evidence in chief at trial, or were obtained from or belong to defendant. (FRCrimP 16(a)(1)(C)).

E. Permit the defendant to inspect and copy or photograph results or reports physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or intended for use by the government as evidence in chief at the trial. (FRCrimP 16(a)(1)(D)).

F. Disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief. This summary shall describe the witnesses' opinions, the bases and the reasons therefor and the witnesses' qualification. (FRCrimP 16(a)(1)(E)).

G. Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.

H. Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

I. Disclose to defendant all reports of government "mail cover", insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

J. Disclose to defendant any matter as to which the government will seek judicial notice.

K. Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in chief at the trial. For each interception, disclose (1) any application for an order authorizing the interception

of a wire or oral communication (2) any affidavits filed in support thereof and (3) any court order authorizing such interception.

_____ L.   Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure.

## 2. GOVERNMENT RESPONSES TO DEFENDANT'S STANDARD DISCOVERY REQUESTS

(Initial box)

_____ A.   Pursuant to Rule 1.01(c) of the Local Rules of Criminal Procedure, the Government hereby agrees to provide the materials to the defendant not later than: *10 days following arraignment*.

[the local rule provides that the deadline for disclosure should ordinarily be set ten (10) days from the date of this Order, or as otherwise agreed by the parties, or ordered by the Court]

Further, the government must file a written response to the defendant's standard discovery requests with the Clerk within the time frame set forth above.

## 3. RECIPROCAL DISCOVERY AND FILING OF ADDITIONAL MOTIONS BY DEFENDANT.

A.   Pursuant to Rule 1.01(d) of the Local Rules of Criminal Procedure, the Defendant shall provide to the Government any required reciprocal discovery within ten (10) days of receipt of the requested materials and filing of the government's written response to the defendant's standard discovery requests.

B.   Pursuant to Local Rule 1.01(e) of the Local Rules of Criminal Procedure, the defendant shall file all additional motions with the Court within 10 days of receipt of the requested materials and filing of the government's written response to the defendant's discovery requests.

## 4. CONTINUING DUTY OF DISCLOSURE

The defendant and the government agree that their respective duties of disclosure and discovery pursuant to this order are continuing, and that they shall produce additional responsive information as soon as it is received, and in no event later than the time for such disclosure as required by law, rule of criminal procedure, or order of court.

### IV. Disclosure of Jencks Act, Rule 26.2 materials; and, Request for Jury Questionnaires

(government and defense counsel initial and fill in boxes)

A. The defendant and the government agree that all Jencks Act and Rule 26.2, FRCrimP, material will be furnished to opposing counsel ___5___ days prior to any hearing, trial, or other event triggering the required disclosure of such material.

B. The defendant and the government request that the jury questionnaires answered by the petit jurors on the current panel called in this case be made available to each party for inspection and copying, which motion is **GRANTED** by the Court.

C. The defendant agrees that all material provided by the Government which is subject to the provisions of Rule 6(e), FRCrimP, will be used only in the preparation of the defense and will not be copied or published to any person whose knowledge of the same is not necessary to the preparation of the defense and, further, that upon request, all copies of the same will be returned to the Government or destroyed at the close of the case.

The Clerk of this Court is directed to send a copy of this order to the defendant, counsel of record, the United States Marshal and the United States Probation Office.

ENTER: October 31, 2002

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

Inspected and Approved by:

_____
Counsel for Defendant

_____
Assistant United States Attorney