

U. S. Department of Justice

United States Attorney
Southern District of West Virginia

Sidney L. Christie Building
845 Fifth Avenue, Room 209
Huntington, WV 25701
FAX: (304) 529-5545

Mailing Address:
Post Office Box 1239
Huntington, WV 25714
(304) 529-5799

February 10, 2003

**FILED**

FEB 26 2003

SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of W.Va.

W. Michael Frazier, Esquire
Post Office Box 2808
Huntington, West Virginia 25727

      Re: United States v. John David Mooney
          Criminal No. 3:02-00231 (USDC SDWVa)

Dear Mr. Frazier:

    This will confirm our conversations with regard to your client, John David Mooney (hereinafter "Mr. Mooney"). As a result of these conversations, it is agreed by and between the United States and Mr. Mooney as follows:

    1. **PENDING CHARGES.** Mr. Mooney is charged in a one-count indictment with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm).

    2. **RESOLUTION OF CHARGES.** Mr. Mooney will plead guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm) as charged in said indictment.

_____
JOHN DAVID MOONEY
Defendant

2-26-03
Date Signed

_____
W. MICHAEL FRAZIER, ESQUIRE
Counsel for Defendant

2/26/03
Date Signed

29

W. Michael Frazier, Esquire
February 10, 2003
Page 2                                    Re:   John David Mooney


3. **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Mooney will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of ten years;

(b) A fine of $250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of three years;

(d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664 or as otherwise set forth in this plea agreement.

Or, if the Court finds that Mr. Mooney qualifies as an armed career criminal pursuant to 18 U.S.C. § 924(e), the maximum statutory penalty is as follows:

(a) Imprisonment for a period of not less than fifteen years and up to life imprisonment;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of five years;

(d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. 3013; and

_____          2-26-03
JOHN DAVID MOONEY                          Date Signed
Defendant

_____          2/26/03
W. MICHAEL FRAZIER, ESQUIRE                Date Signed
Counsel for Defendant

W. Michael Frazier, Esquire
February 10, 2003
Page 3                                    Re:  John David Mooney


    (e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

    4. **SPECIAL ASSESSMENT.** Mr. Mooney has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Mooney agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5. **COOPERATION.** Mr. Mooney will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Mooney may have counsel present except when appearing before a grand jury.

    6. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Mooney, nothing contained in any statement or testimony provided by Mr. Mooney pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    7. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Mooney for any violations of federal or state laws.


_/s/ John D. Mooney_                              2-26-03
JOHN DAVID MOONEY                                 Date Signed
Defendant

_/s/ W. Michael Frazier_                          2/26/03
W. MICHAEL FRAZIER, ESQUIRE                       Date Signed
Counsel for Defendant

W. Michael Frazier, Esquire
February 10, 2003
Page 4                                    Re:   John David Mooney


The United States reserves the right to prosecute Mr. Mooney for perjury or false statement if such a situation should occur pursuant to this agreement.

    8.  **APPEAL OF FINE**. The United States and Mr. Mooney agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is in excess of the range provided for the offense of conviction by the United States Sentencing Guidelines.

    9.  **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, and will make no recommendation, as to a specific sentence. However, the United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Address the Court with respect to the nature and seriousness of the offense;

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Mooney;

(f) Advise the Court concerning the nature and extent of Mr. Mooney's cooperation; and


_____         _____
JOHN DAVID MOONEY                        Date Signed
Defendant


_____         _____
W. MICHAEL FRAZIER, ESQUIRE              Date Signed
Counsel for Defendant

W. Michael Frazier, Esquire
February 10, 2003
Page 5                                    Re:   John David Mooney

      (g) Address the Court regarding the issue of Mr. Mooney's acceptance of responsibility.

    10. **VOIDING OF AGREEMENT.** If either the United States or Mr. Mooney violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    11. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Mooney in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Mooney in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                    KASEY WARNER
                    United States Attorney

By: _____
                    MILLER A. BUSHONG III
                    Assistant United States Attorney

MAB/lae

I hereby acknowledge by my signature at the bottom of each page of this five-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.

_____       2-26-03
JOHN DAVID MOONEY                       Date Signed
Defendant

_____       2/26/03
W. MICHAEL FRAZIER, ESQUIRE             Date Signed
Counsel for Defendant