IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ENTERED
FEB 2 2003
SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

UNITED STATES OF AMERICA

v.                               CRIMINAL ACTION NO. 3:02-00231

JOHN DAVID MOONEY

### ORDER

At a hearing held on February 26, 2003, the Government appeared by Miller Bushong and the defendant appeared in person and by counsel Michael Frazier for the purpose of the defendant's plea to the single count indictment.

The Court inquired of the defendant, both personally and through counsel, to determine the defendant's competence. The Court found the defendant competent and capable of entering an informed plea.

Mr. Frazier, counsel for the defendant, offered for the Court's consideration and summarized the entirety of a written plea agreement signed by both the defendant and his counsel. The Court reserved acceptance of the plea agreement until the sentencing, but ordered the original plea agreement filed with the Clerk.

The Court further read to the defendant the charge contained in then indictment. The Court inquired as to the defendant's plea. The defendant then pleaded guilty.

The Court read the pertinent portion of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). The Court explained the elements that the United States would have had to prove had this matter gone to trial.

After hearing and considering the defendant's explanation of why he considered himself guilty and hearing evidence from the Government about what it would have been able to prove at trial, the Court found that there was a sufficient factual basis for the defendant's guilty plea.

The Court further informed the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(1), of the nature of the charge and of the consequences of pleading guilty to the charge. After explaining thoroughly these items and after hearing and considering the defendant's responses to the Court's questions, the Court found that the defendant understood the nature of the charge and the consequences of pleading guilty.

The Court further informed the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(3), (c)(4), of the constitutional and other legal rights that the defendant was giving up by pleading guilty. After explaining thoroughly these items and after hearing and considering the defendant's responses to the Court's questions, the Court found that the defendant understood his constitutional and other legal rights.

The Court further inquired of the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(d), to insure that the defendant's plea was voluntary. After hearing and considering the defendant's responses to the Court's questions, the Court found that the defendant's plea was voluntary.

The defendant further executed a written plea of guilty and the defendant's counsel witnessed the document. The Court accepted the defendant's plea.

Accordingly, the Court **ADJUDGES** the defendant John David Mooney guilty and the defendant now stands convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the

Government and counsel for the defendant no later than **April 7, 2003**, that the United States Attorney and counsel for the defendant file objections to the draft presentence report no later than **April 21, 2003**, and that the Probation Office submit a final presentence report to the Court no later than **May 5, 2003**. The Court **SCHEDULES** final disposition of this matter for **May 12, 2003**, at **10:30 a.m.** in Huntington.

The Court **ORDERS** the defendant detained pending sentencing. The Court **DIRECTS** that the defendant be committed to the custody of the United States Marshal for confinement. The Court further **DIRECTS** that the defendant be afforded reasonable opportunity for private consultation with counsel. Finally, the Court **DIRECTS** that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the correction facility in which the defendant is confined deliver the defendant for the purpose of an appearance in connection with court proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER: February 26, 2003

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE