In The United States District Court
For The Southern District Of West Virginia
------------------------------------------------------------X

United States Of America

                    Respondent,

                                        Criminal No.
        vs.                      3;02-00231

                              Hon. Robert C. Chambers

John David Mooney

                    Petitioner,
------------------------------------------------------------

**FILED**

**AUG - 7 2003**

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

### AFFIDAVIT UNDER THE
### PENALTY OF PERJURY

I, John David Mooney, make the following statements pursuant

to provisions of 28 U.S.C. § 1746, in lieu of an **AFFIDAVIT**.

I, John David Mooney, being duly sworn to law, state that

the following statements are true and correct to the best

of my knowledge information and belief.

(1). On July 14, 2003 I, filed a Rule 60(b)(2) motion without

regard to the constraints of a 2255 motion. Please see;

United States vs. Winestock,_____F.3d\_\_\_\_,2003 WL1949822

(4th Cir. 2003). The Rule 60(b)(2) motion was entitle, Motion

For Reconsideration Of Sentence, please see page four(4) of

the 60(b) motion for reconsideration of sentence.

A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court.

(2). On August 1, 2003, The Rule 60(b)(2) Motion- Reconsideration Of Sentence was return to the petitioner with a 2255 Application to vacate, set aside, or correct sentence by a person in federal custody.

The clerk of court construe this 60(b) motion as a 2255 motion the petitioner request that this 60(b) motion be filed with the **Court's for reconsideration of the petitioner sentence.**

I, the Affiant, John David Mooney, solemnly swear and state that the statements herein this Affidavit are in good faith, while functioning in a sound and competent state of mind.
I, the Affiant, hereby states his full understanding of what then occurred in Case Number 3:02-00231.
I, the Affiant, John David Mooney, solemnly swear and state that all the above sworn statements, are true and correct. Affiant states that for any respondent who wishes to rebut my Affidavit must come forward with a counter Affidavit sworn under oath to be true, correct, and complete, point-for-point, categorically.

Dated: <u>8-5-03</u>

Respectfully Submitted,

John D. Mooney

John David Mooney,
            Affiant

In The United States District Court
For The Southern District Of West Virginia

--------------------------------------------------------------X

United States Of America       COPY

               Respondent,              Criminal No.
                                     3:02-00231

        vs.

                            Hon. Robert C. Chambers

John David Mooney

               Petitioner,

--------------------------------------------------------X

**MOTION FOR RECONSIDERATION
OF SENTENCE**

FILED

JUL 2 1 2003

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

**Now Comes,** John David Mooney  the petitioner, who
herein respectfully represent to this Court, in the interest of
justice, that this Court has condone in a gross miscarriage of
justice by the sentence impose on May 12, 2003.

**Introduction:**

    On February 26, 2003 the petitioner plead guilty to, a
convicted felon in possession of a firearm, in violation of
Title 18, United States Code, section 922(g)(1) and 924(a)(2).

50

Section 922(g)(1) states; "It shall be unlawful for any person who has been convicted in any Court of a crime punishable by imprisonment for a term exceeding one year knowingly to possess in or affecting interstate commerce any firearm or ammunition.

Section 924(a)(2) provides, whoever knowingly violates subsection (g) of 922 shall be guilty of a crime against the United States.

The petitioner argues, his prior convictions, does not qualified for an ACC Predicate. A sentence imposed more than fifteen years prior to the petitioner's commencement of the instant offense is not counted, unless it imposed within fifteen years of the instant offense, or resulted in petitioner being incarcerated during any part of the fifteen years prior to the commencement of the offense.

(1). The petitioner, in this case only had two qualified felony convictions and that is the 1989 charges of attempt to commit non-aggravated robbery in West Virginia in violation of 61-2-12, and aggravated robbery in violation of the same statute in West Virginia, which petitioner received three criminal history category points for each charge, Pursuant to; § 4A1.2, which this case is within the fifteen year(s) of the commencement of the instant offense, however, the petitioner **should not have received criminal history points prior charge of attempt to commit non-aggravated robbery, because it was part of the same course of conduct as his aggravated robbery in West Virginia.** The Court's should subtract the criminal history points assigned from that conviction and sentence him to the low end of the Guideline range.

(2). The petitioner was convicted on or about May 13, 1982 in the Court of Common Pleas, Lawrence County, Ohio, of burglary, in violation of Ohio Revised Code, section 2911.12, which, petitioner received three criminal history category points. Pursuant to; § 4A1.2, however, this case is not within the fifteen years as required by U.S.S.G. section § 4A1.2(b)(1)(e). Pursuant to the plea agreement this case trigger the Armed Career Criminal which constitute plain error.

(3)

(3). The petitioner was convicted on or about June 3, 1983 in the Circuit Court of Cabell County, West Virginia, of attempt of commit non-aggravated robbery, in Violation of West Virginia Code, section 62-2-12, which petitioner received three criminal history category points. Pursuant to; § 4A1.2, however, this case is not within the fifteen years as required by U.S.S.G. section § 4A1.2(b)(1)(e). Pursuant to the plea agreement this case trigger the Armed Career Criminal as well, which constitute plain error.

The petitioner, claims that his sentence is illegal because his prior convictions does not qualified him as an Armed Career Criminal. A sentence based on an incorrect guideline range constitutes an error, affecting substantial rights and can, thus constitutes plain error. Furthermore, sentencing a defendant at the wrong guideline range seriously affects the fairness, integrity, and public reputation of the judicial proceedings. The instant case at hand, which petitioner is actual innocent of an ACC Statute, and this can give the Court's jurisdiction to hear this actual innocence claim by the petitioner. If a claim presenting newly discovered evidence may reviewed under **Rule 60(b)(2)** without regard to the constraints of § 2244(b)(2) (B) and § 2255 8(1). See; United States vs. Winestock,_____F.3d _____, 2003 WL1949822 (4th Cir. 2003).

**Pursuant To:**

Federal Sentencing Guidelines Handbook, 4A1.2(b)(1)(e) Applicable
Time Period. (1). Any prior sentence of imprisonment exceeding
one year and one month that was imposed within fifteen years
of the defendant's commencement of the instant offense is
counted. Also count any prior sentence of imprisonment exceeding
one year and one month, whenever imposed, that resulted in the
defendant being incarcerated during any part of such fifteen-
year period. (2). Any other prior sentence that was imposed
within ten years of the defendant's commencement of the instant
offense is counted. (3). Any prior sentence **"not within the
time periods specified above is not counted.**

**According To:**

18 U.S.C. § 4B1.4 Application note (1). This guideline applies
in the case of a defendant subject to an enhanced sentence
under 18 U.S.C. § 924(e). Under 18 U.S.C. § 924(e)(1), a defen-
dant is subject to an enhanced sentence if the instant offense
of conviction is a violation of 18 U.S.C. § 922(g) and the
defendant has at least three prior convictions for a violent
felony or serious drug offense, or both, committed on occasions
different from one another.

**Discussion:**

Three years ago prosecutors used the federal government's Armed
Career Criminal statute to win the two decade, no parole
prison term for Williams, the law provides stiff sentences
for criminals with multiple convictions for drug trafficking
or felony crimes of violence. In Williams case, authorities
pointed to, three prior convictions, a 1967 drug and gun case
in State Court in Baltimore, a 1975 conviction in U.S. District
Court in Baltimore for conspiracy to distribute heroin, and
a 1985 conviction in federal Court in **Virginia** for cocaine
distribution. United States District Judge Marvin J. Garbis,
stated that he agreed with the defense attorney Micheal E. Marr
that neither the 1967 case nor the 1975 conviction and prison
sentence were properly applied against Williams at his senten-
cing in the **handgun possession case,** Judge Garbis resentence
William to time served. Please see, <u>United States vs. Williams</u>,
Criminal No. MJG-99-0146, 4th Circuit 2003. at <u>Exhibit</u> #1.
The petitioner does not qualified for an Armed Career Criminal
because the 1982, and 1983 convictions is out dated, and should
not be counted pursuant to 18 U.S.C. § 4A1.2(b)(1)(e).

**Argument:**

The United States Sentencing Commission Guideline for violation
of 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2k2.1 and call
for a base offense level of 20. The petitioner recevied two(2)
points for Obstruction of Justice, the petitioner has accepted
responsibility for his crime, therefore the three points
reduction applied to this case, as stated in the presentence
report. The total based offense level is 19, criminal history
category points should be 5, and placing the petitioner in
category 3. The petitioner should had been facing a sentence
between 37-46 months. The petitioner, sentence enhancement
under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4 for being
an Armed Career Criminal violated his due process right,
because the enhanced penalty was not charged in his indictment.
The petitioner in this case is actally innocent of the ACC
Predicate, which were applied to this case. The fact that
this information were not raised at sentencing can be used
as evidence that the petitioner received a illegal sentence.
The appropiate vehicle for a federal prisoner to challenge
the lawfulness of incarceration upon the grounds that;
(1). The conviction or sentence is unconstitutional,
(2). The conviction or sentence violates other federal law,
(3). The Court that rendered the judgment lacked jurisdiction.

**The Court's proceedings, on Monday, May 12, 2003 at 11:03 a.m.**

Mr. Frazier:

So now we've got predicate offenses. And even if I win my argument, we're back to three and he is an armed career criminal. That's basically where we're coming from. That's what, I think, has triggered this motion to withdraw. His − − you know, I can represent to this Court I did − − I went through it over the weekend. I went through and looked at everything to see if I had evidence that there were four. Their evidence, in looking through some of the computer records − − and probably if I had gone through it a little more carefully, I would have noted they were separate occasions. But, you know, under the indictment, under Mr. Willard's grand jury testimony, there's always talk of these three occasions. So anyway that would be the first factor that we would argue, that while his plea was knowing and voluntary, it was based on an improper assumption.

**Page 4 paragraph (13) Through, Page 5 paragraph (1) and (2).**

**The Court:**

    In this case, I think the plea was knowingly
and intelligently made. And I understand why
you're disappointed and frustrated with the
result, but I can't find any basis to deter-
mine that you're legally innocent.

I recognize that you and Mr. Frazier hoped
that you might be able to get around this
armed career criminal provision if you
could knock out that non-aggravated robbery
charge that you were convicted of, but under
the law it's clear to me that you had three
other felonies that fall within the definit-
ion of violent felony.

**Page 17 paragraph (10) Through (19).**


**The Court:**

    I understand that at the time of your plea, you
may not have completely aware or recall that you
had two convictions on the same date for these
aggravated robberies, but clearly when you entered
your guilty plea - - and I think that was 1988 - -

**Page 18 paragraph (6) Through (10).**

( 9 )

**The Defendant:**

Give me 165 months?

**The Court:**

I'm sorry?

**The Defendant:**

Give me 165 months?

**The Court:**

Well, I wish I could. I intend to give you a sentence at the bottom end, and I would have, probably, had you not been determined to be an armed career criminal and faced a higher amount. But in this case, I think you've got four prior convictions for what are deemed to be violent felonies under the statute that applies here.

**Page 19 paragraph (17) Through(25).**

**The Defendant:**

How do they go about - - on this point
system, you know, there's guys down
there in that jail - - is points deter-
mined on the person or on the crime or
what?

**The Court:**

Both. Here's the way it works. Yeah,
both. Under the law - - Congress
passes a law and makes something a crime
and sets out what we call a statutory
penalty. And that's the minimum or the
maximum. In your case, it's a mandatory
minimum of 15 years because of all the
things we've just talked about. Under
the statute, you have three prior violent
felony convictions. And so when you poss-
essed this gun, you're subject to this
armed career criminal provision that
makes a mandatory minimum of 15 years.
Within the penalties set out by Congress,
that 15 to life, the Court has to look
at the sentencing guidelines. And that
assigns points to, first, the circumstances

(11)

of the crime and, secondly, to things like your criminal history, things that are directly determined by who you are and what you've done in your past. in a drug case, the sentence is largely determined by the amount of drugs. Under the guide-lines, the more drugs you've got, the more points you've got. Under other gun charges, for instance, the more guns you've got, the more points you get. If you've just been in possession of a gun, you get so many points. If you actually use that gun, you might get more points for that. So all of those things determine points. We use points for all of that so that we try to **treat people pretty much the same.** If there are two people in here who have been convicted of drugs, one of them had a lot more drugs than the other, the one with a lot of drugs is going to have more points and get a higher sentence. **If they have the same number of drugs, they're going to get the same number of points.** So it makes it much more uniform as a result. **"The same on your criminal history."**

There are points that get applied, depending on what you've been convicted of, whether it was a serious crime or not, what kind of sentence you got before, how long ago it was. If you commit a crime while you're on probation, you get more points on your criminal history for that. So all of those things result in points, and that's what these guidelines use, is a point system. **"We add up all the points."** When you enter a guilty plea or you play a smaller role in the offense as compared to other people, you get points taken off. As you already understand, in your case you would normally get three points taken off because you have been cooperative and truthful and entered a guilty plea. Unfortunately for you, that statutory sentence, the one that Congress passed here, sets a floor of 15 years. So it doesn't matter what your points are, you're going to get at least 15 years. And you could get higher if you have points that put you up over 15 years. It could be up to life. So, in short summary, that's way these points work and that's the way it will work in your case. Do. you understand?

**The Defendant:**

Thanks for the information.

**Page 20 paragraph (24) Through pages 21, 22, and Page 23 paragraph (1) Through (7).**

**The Court:**

All right. Then other objection goes to his criminal history and convictions. As the probation officer noted in this case, he has four prior felony convictions. You objected that the non-aggravated robbery shouldn't be included as a predicate offense for this armed career criminal. If it's not, the Court would find that he still has the other three convictions that we've already discussed. Three is all it takes. So even if I find that the non-aggravated robbery should not count as a predicate offense, he's still stuck with **"the other three."** Is that right?

**Mr. Frazier:**

I think that's correct.

**The Court:**

All right. For clarification reasons, do you want to make any further argument about whether the non-aggravated robbery should or should't count?

(14)

**Mr. Frazier:**

> I think I set out my argument in my objections
> and I don't see any reason to belabor any more
> time on it, Your Honor. And as you say, even
> if I'm right, it doesn't affect the sentence.

**The Court:**

> Mr. Bushong, do you want to address that at all?

**Mr. Bushong:**

> No, Your Honor. I agree.

**The Court:**

> All right. Well, the Court finds in this case
> that it's unnecessary for me to resolve whether
> the non-aggravated robbery should count, because
> he's got the other **"three convictions, and clearly
> those are predicate offenses for the armed career
> criminal provisions.** Are there any other objections
> the Court need address in this case?
> **Page 25 paragraph (5) Through page 26 paragraph
> (2) Through (8).**

**The Court:**

> The Court's judgment and sentence will be con-
> sistent with the plea agreement. The defendant
> stands convicted of possession of a firearm
> by a convicted felon in violation of 922(g)(1)
> and 924(a)(2). The maximum penalty for this
> violation is imprisonment of - - excuse me.
> He also qualifies as an armed career offender
> under Section 924(e). The maximum penalty for
> this violation as enhanced by 924(e) is impri-
> sonment of not less than 15 years, up to life,
> supervised release of not more than five years,
> a fine of $250,000, restitution, and the special
> assessment. The relevant sentencing guideline is
> found in Section 2K2.1 It would set a base offense
> level of 24 because the defendant has at least
> two prior felony convictions. However, 4B1.4
> provides that the offense level for an armed career
> criminal is determined by 924(e), the enhance
> sentence. Under the - - as a result of the prior
> convictions the Court has already discussed, the
> defendant is an armed career criminal under the
> statute. And because of that, he faces an offense
> level of 33, that being the higher level applied
> by the career offender guidelines.

The defendant is entitled to the reduction for acceptance of responsibility. The Court finds in this case he's entitled to the full three-level reduction. That would set a base offense--total offense level, rather, of 30. He has 13 criminal history points. That puts him in category VI. But because he's an armed career criminal, the Court notes the term of imprisonment would be not less than 180 months because it's a mandatory minimum of 15 years. So even though he has a total offense level of 30 and a criminal history category VI, the guideline range would be 180 months to 210 months, supervised release of three to five years, a fine of $15,000 to $150,000, restitution, and the special assessment. Mr. Bushong, do you want to comment on my **calculations** or otherwise address the Court?

**Mr. Bushong:**

Could I have one second, Your Honor?

(Mr. Bushong and Mr. Frazier confered privately off the record).

**Mr. Bushong:**

Your Honor, I believe your calculations are correct, and nothing further to add.

Page 27 paragraph (2) Through page 28 parag-
aph (1) Through (17).

**Legal Discussion:**

Miscarriage of justice, see e.g. Shukwit vs. United States, 973 F.2d 903, 904 (11th Cir. 1992); United States vs. Houhchen, 926 F.2d 828 (9th Cir. 1991); United States vs. Marroguin, 855 F.2d 1240, 1245-1246 (5th Cir. 1989). A motion under Rule 60(b)(2) must be directed to the sentence as it was imposed, not the manner in which it is executed, Corao vs. United States, 152 F.3d 188, 191 (2nd Cir. 1998); quoting Dioquardi vs. United States, 587 F.2d 572, 573 (2nd Cir. 1978).

United States vs. Maybeck, 23 F. 3d 889 (4th Cir. 1994); Upon determining that defendant was "actally innocent" of career offender status for sentencing purposes, parties should, as nearly as possible, be returned their pre-plea agreement positions and thus, denial of defendant's motion to vacate, set aside or correct sentence would be reversed and remanded for resentencing but after entertaining parties position, district court could, in it's discretion, accept guilty plea and resentence or refuse to accept and vacate guilty plea and order defendant and government to enter into new agreement in latter instance if parties failed to reach agreement, they should be order to proceed to trial on appropriate indictment.

## Discussion:

Sprouse, Senior Circuit Judge:

Thomas Maybeck pled guilty to two counts of bank robbery and one count of unlawful possession of a firearm in violation of Federal law. After he had filed a plea agreement, but before he had been sentenced, Maybeck, during a pre-sentencing interview, mischaracterized a previous New York State burglary conviction as one involving violence.

The probation officer, including that conviction as one of two predicate felonies, calculated that Maybeck was a career offender, and the District Court sentenced him on that basis without objection from either Maybeck or his Counsel.

After sentencing, however, Maybeck filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court dismissed the motion, finding that Maybeck had failed to show cause for his default, as required under United States vs. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982). Maybeck appeals.

He contends that the Frady rule does not apply to a collateral attack on a sentence imposed after a guilty plea. We disagree, but hold that although such an appeal is governed by the Frady rule, the appeal is also subject to the "actual innocence" exception to the "Cause and Prejudice" requirement of Wainwright vs. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and Frady.

## Statement of Facts:

Since the record conclusively shows that Mooney was actually
innocent of two of the predicate requirement for classificat-
ion as a armed career criminal, the sentencing court also
committed plain error by counting three criminal history
points for prior conviction that arose from conduct that
was part of offense for Mooney was being sentenced.
Extra points caused Mooney to be sentenced at a more severe
sentencing guildeline range, and erroneous sentence has res-
ulted in term of imprisonment 12yrs and 6mos longer than
required by guidelines. U.S.S.G. § 4A1.2(a)(1), 18 U.S.C.A.
Please see page 3 paragraph (1). Also see, United States vs.
Ford, 88 F.3d 1351 (4th Cir. 1996); Sentencing Court commit-
ted plain error by counting two criminal history points for
prior conviction that arose from conduct that was part of
offense for which defendant was being sentenced.
A sentence based on an incorrect guideline range constitutes
an error affecting substantial rights and can thus constitute
plain error. Furthermore, sentencing a defendant at the wrong
guideline range seriously affects the fairness, integrity,
and public reputation of the judicial proceedings.
If the Court's do not correct this error, Mooney will serve a
term of imprisonment 12yrs and 6mos longer than required by
the sentencing guidelines.

## Conclusion:

The Court's cannot ignore this fact because of an overly-strict adherence to technical requirements. 12yrs and 6mos of a man's life is not a trifling thing. No Court of justice would require a man to serve 12yrs and 6mos underserved years in prison when it knows that the sentence is improper. "The fairness, integrity, and public reputation of the judicial system demands that the Court correct Mooney's sentence.

Wherefore, Mooney prays that this Court grant him all relief to which he may be entitled in this action.

Mr. Mooney is innocent of three of the predicate requirements for classification as a armed career criminal, so this case should be reversed.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14 day of **July, 2003,**
I caused a true and correct copy of the foregoing Motion for Recon-
sideration of Sentence pursuant to Rule 60(b)(2), to be served by
first-class United States mail, postpaid, upon the followinf:


Miller A. Bushong, III, Esq.
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326

W. Michael Frazier, Esq.
Frazier & Frazier
P.O. Box 2808
Huntington, WV 25309


Respectfully Submitted,

John D. Mooney

John David Mooney,
                Petitioner

United States of America

                        Respondent,

           vs.

John David Mooney
                    Petitioner,

<u>Exhibit</u> #1

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 16  P 4: 14

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

vs.                               *     CRIMINAL NO. MJG-99-0146

MELVIN WILLIAMS                   *

*       *       *       *       *       *       *       *       *

## MEMORANDUM OF DECISION REGARDING GUIDELINE ISSUES

This Memorandum of Decision is issued to provide the Court's
determination regarding the Sentencing Guideline Offense Levels
to be applied at the re-sentencing of Defendant Melvin Williams.

### I.   BASE OFFENSE LEVEL

The Base Offense Level for the conviction of violation of 18
U.S.C. § 922(g)(1) is governed by § 2K2.1 of the Sentencing
Guidelines.[1]  In particular, the Base Offense Level will be
either:

        20    If the Defendant had one prior
              "qualified felony[2]," or

        24    If the Defendant had two prior "qualified
              felonies."

§ 2K2.1(a)(2), (4)(A).

_____

[1]  Unless otherwise indicated, all section references herein
are to the United States Sentencing Commission Guidelines Manual
(Nov. 2000).

[2]  That is, a felony conviction of either a crime of
violence or a controlled substance offense.

Defendant Williams, in fact, had three prior qualified felony convictions, one in each of the years 1967, 1975 and 1985. However, a qualified felony conviction is "counted" when applying § 2K2.1 only if the conviction is one that receives any points under § 4A1.1 (Criminal History Category).  Application Note 5 to § 2K2.1

The Criminal History Category section provides for "points" to be assessed for each "prior sentence." § 4A1.1.  However, not all earlier sentences are counted as "prior sentences."  As relevant hereto, Defendant Williams' prior sentences are to be counted only if the sentence either:

> (1)  Was imposed within fifteen years of the commencement of the instant offense, or
>
> (2)  Resulted in Defendant Williams' being incarcerated during any part of the fifteen years prior to the commencement of the instant offense.

§ 4A1.2(e)(1), (4).

The instant offense was commenced on March 8, 1999.  The parties agree that, pursuant to §4A1.1, Defendant Williams' 1985 conviction is to be counted and his 1967 conviction is not.  The parties further agree that the sentence for the 1975 conviction was not imposed within fifteen years of the commencement of the instant offenses.  Accordingly, the issue presented is whether the 1975 conviction resulted in Defendant Williams' being

2

incarcerated during the 15 year period prior to March 8, 1999, i.e. after March 8, 1984.

The following are the pertinent facts:

| | |
|---|---|
| March 16, 1975 | Defendant sentenced to 15 years imprisonment, started sentence. |
| November 15, 1979 | Defendant released and placed on parole with 3,652 days unserved. |
| March 15, 1985 | Defendant sentenced to 24 years, started sentence. |
| April 26, 1985 | Parole Commission warrant served as detainer. |
| December 28, 1988 | Parole Commission Notice of Action revoked parole, Defendant sentenced to term of 3,652 days to commence on release by parole or mandatory release from 1985 sentence. |
| December 4, 1996 | Defendant released to serve (on parole) concurrently the 4,383 days left on the 1985 sentence and the 3,652 days left on the 1975 sentence. |

As stated by the Deputy General Counsel of the Parole Commission:

> In effect, the Commission treated the time Mr. Williams served in prison on his 24-year sentence (144 months) as full punishment for the parole violation behavior and did not impose any prison time attributable to the 15-year sentence. Instead, the Commission used the entire balance of the 15-year sentence as a concurrent period of parole supervision. This 3,652-day period of parole was, however, overlapped by the 4,383-day balance of Mr. Williams' 24-year sentence.

3

In the instant case, Defendant Williams' period of incarceration on the 1975 sentence was terminated in 1979 by virtue of his release on parole on that date.  See United States v. Love, 134 F.3d 595, 608 (4th Cir. 1998).  Defendant Williams was not, thereafter, incarcerated on the 1975 sentence or for violation of parole on that sentence.  In fact, on December 4, 1996, the date on which the Parole Commission action as to the parole violation on the 1975 sentence was effective, Defendant Williams was released on parole and not incarcerated.

Accordingly, the Court concludes that the 1975 conviction is not counted when determining the Offense Level under 2K2.1. Therefore, the Base Offense Level is 20.


II.  OBSTRUCTION OF JUSTICE, § 3C1.1

The Court finds, as it did in regard to the original sentencing, that Defendant Williams obstructed justice by testifying falsely as to material matters at the first trial in this case.


III. CRIMINAL HISTORY CATEGORY

Consistent with the foregoing discussion, Defendant Williams has 3 Criminal History points with regard to the 1985 conviction [4A1.1(a)] plus 2 Criminal History points because the instant

4

offense was committed while on parole [4A1.1(d)] for a total of 5 points.  Therefore, the Defendant is sentenced as a Criminal History Category III offender.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the pertinent Sentencing Guideline Offense Levels are:

|  |  |
|---|---|
| Base Offense Level | 20 |
| Obstruction of Justice | <u>+2</u> |
| TOTAL | 22 |

The Defendant shall be sentenced within the Guideline range for Offense Level 22 and Criminal History Category III.

SO DECIDED this *16th* day of January, 2003.

*Marvin J. Garbis*
Marvin J. Garbis
United States District Judge

5