In The United States District Court
For The Southern District Of West Virginia



---------------------------------------------------------X

United States Of America

        Respondent,

                                    Criminal No.
                                    3:02-00231

    vs.

                                  Hon. Robert C. Chambers

John David Mooney

        Petitioner,

---------------------------------------------------------X


        Memorandum Of Law In Support Of
        Motion For Reconsideration Of
        Sentence

    **Now Comes,** John David Mooney the petitioner, who herein respectfully represent to this Court, in the interest of justice, that this Court has condone in a gross miscarriage of justice by the sentence impose on May 12, 2003.

Introduction:

    On February 26, 2003 the petitioner plead guilty to, a convicted felon in possession of a firearm, in violation of Title 18, United States Code, section 922(g)(1) and 924(a)(2).

On May 12, 2003, this Court determined that petitioner was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). As a direct result of that finding, petitioner was sentence to 180 months imprisonment, a 3-year sentence of supervised release.

## ARGUMENT

Petitioner's sentence imposed pursuant to 18 U.S.C. § 924(e) as an Armed Career Criminal upon his conviction for a violation of 18 U.S.C. § 922(g)(1) is an illegal sentence and is null and void.

The petitioner's prior State convictions are not qualifying predicate offenses.
The 1989 charges of attempt to commit non-aggravated robbery in West Virginia in violation of 61-2-12, and aggravated robbery in violation of the same statute in West Virginia, which petitioner received three criminal history category points for each charge, Pursuant to, § 4A1.2, however, the petitioner should not have received criminal history points prior charge of attempt to commit non-aggravated robbery, because it was part of the same course of conduct as his aggravated robbery in West Virginia. See United States vs. Preley, 52 F.3d 64, 69 (4th Cir. 1995), holding that the district court properly counted "offenses" as one predicate felony conviction rather than two because they were part of a single criminal episode rather than multiple episodes in time. See also United States vs. Blackwood, 913 F.2d 139, 146 (4th Cir. 1990) finding that two drug offenses, committed two

hours apart equals same criminal episode warranting only one conviction for sentencing purposes. However, the petitioner was improperly sentenced herein as an "Armed Career Criminal" pursuant to U.S.S.G. § 4B1.4, rather than U.S.S.G. § 2K2.1(a)(2), which would have resulted in a sentence of much, much less than the 180 months imposed on May 12, 2003.

Section 924(e) mandates a 15-year minimum sentence of imprisonment for a person that has "three previous convictions for a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1). Nevertheless, Petitioner's two convictions in the Criminal Court of Common Pleas, Lawrence County, Ohio, in 1982 in one case for burglary, in violation of Ohio Revised Code, section 2911.12 and his one 1983 in the Circuit Court of Cabell County, West Virginia, of attempt of commit non-aggravated robbery, in violation of West Virginia Code, section 62-2-12. (a common law misdemeanor), do not qualify as prior predicate offenses either as a "serious drug offense" or as a "violent felony."

Tragically, these two predicate convictions was used to support an Armed Career Criminal status, the Court, the U.S. Probation Office pre-sentence investigator, the Prosecution and counsel erroneously relied on Petitioner's then 20-year-old prior State convictions.

Clearly, the 1982 and 1983 convictions mandated that his sentence be a fine of not more than $1,000 and be imprisoned for not less than two, nor more than five years, in fact these two prior predicate convictions is not within the fifteen years time period as required under 4A1.2(b)(1)(e).

Thus, in this case the government erroneously contended during the sentencing proceedings conducted on May 13, 2003, that the petitioner qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1), once the petitioner was convicted pursuant to a plea agreement. Absent proof of three qualifying prior convictions, there may not be an enhancement pursuant to 18 U.S.C. § 924(e). Absent proof of three qualifying predicate convictions, 18 U.S.C. § 922(g)(1) carries as its maximum penalty ten years. 18 U.S.C. § 924(e)(1) requires that the three "violent felonies" or "serious drug offenses," or both be committed on occasions different from one another, to wit:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

In light of these clearly defined statutory provisions, an examination of the facts surrounding Petitioner's prior state convictions reveals that neither qualifies as a ACC Predicate under the definition set forth in § 924(e)(2)(A)(ii). Neither the offense of May 13, 1982, nor the offense of June 3, 1983 qualifies because each carried a penalty of less than 10 years imprisonment, and was not within the fifteen years time period as reqired under 4A1.2.

These two prior convictions, occurring on two separate occasions, were not qualifying predicate offenses as classified in 18 U.S.C. § 924(e)(2)(A)(ii), because each indivual state convictions carried as its maximum a sentence less than 10 years imprisonment. Accordingly, enhancement of his sentence by this Court pursuant to 18 U.S.A. § 924(e) by the use of those convictions being classified as proir ACC predicate was improper.

This 2002 charge involved simply carrying a concealed weapon, quite plainly, this common law misdemeanor offense under West Virginia's law is not the sort of "violent felony" referred to in 18 U.S.C. § 924(e)(2)(B). Carrying a concealed weapon has none of the elements of the offense, as described in § 924(e)(2)(B), i.e. the use, attempted use, or threatened use of force against the person of another. See United States vs. Headspeth, 852 F.2d 753, 756 (4th Cir. 1988), Taylor vs. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed. 607 (1990) and United Staes vs. Kirksey, 138 F.3d 120, (4th Cir. 1998). These cases teach a categorical approach to any such charge for sentencing enhancement purposes.

(5)

## ARGUMENT #2

Proper application of the federal "original package" doctrine to a legally purchased weapon vitiates the interstate commerce nexus to petitioner's activity rendering his conviction of a violation of 18 U.S.C. § 922(g)(i) Null and void.

Here in this instant case the petitioner has not affect Interstate Commerce.

On October 23, 1989 petitioner wife had purchased the weapon in Huntington, WV. Please see Exhibit #1.

### Willard - Direct

All right. The firearm was seize by the Huntington Police Department. Did you have an opportunity to test-fire it.

All right. And where was that firearm manufactured?
That was manufactured in the State of Connecticut.
So it necessarily traveled in interstate commmerce?
Yes, Sir. It was recovered in West Virginia.
Please see Exhibit #2.

In the case of Brown vs. Maryland, 25 U.S. 419; 6L.Ed. 678 (1827), the Supreme Court of the United States held that when an item traveling in interstate commerce came to rest and was unpackaged for resale or use, it ceased to be involved in interstate commerce and was no longer subject to federal regulation. This case never been overruled and represents federal law today.

In the instant case, the firearm with which the Petitioner was charges as unlawfully possessing had come to rest and was placed for sale outside of interstate commerce. It was purchased at Mack & Dave's 1010 Third Avenue, Huntington, WV 25701 by Mrs. Florencia McCloud Mooney a West Viriginia resident after having passed through the various statutory required checking procedures. Accordingly, at no time was this weapon in interstate commerce on the date of the alleged offense, August 4, 2002, because pursuant to the "original package" doctrine, it had ceased being in or affecting interstate commerce when it was received by a bona fide seller opened from its original package and placed into a gun shop for the lawful sale under appropriate regulatory firearms selling procedures. Purchase of this weapon by an authorized person does not amount to placing the gun back in or affecting interstate commerce.

(7)

Recently, in the case of United States vs. Gallimore, 247 F.3d 134 (4th Cir. 2001) the Court considered this question and without considering the "original package" doctrine continued to embrace the legal fiction that once a weapon was in or affeecting interstate commerce, it was always considered to be so. Of particular note and significance here is that in Gallimore the weapon under consideration was stolen and there was no evidence of its legal purchase from a firearms dealer. In fact, the status of the weapon being legally purchased has never been considered before as to whether or not a legal purchase of the weapon from a gun dealer after it had come to rest from interstate commerce removed the necessary nexus of interstate commerce for a conviction for violating § 922(g)(1). Petitioner contends that the "original package" doctrine together with the lawful sale of the weapon mitigates any application of the interstate nexus required for a conviction pursuant to the application of § 922(g)(1) and thereby supports Amendments IX and X of the Constitution which were adopted to protect the rights of States and the people and remove federal interference in all State matters. This Court's attention is also directed to the case of United States vs. Coward, 151 F.Supp.2d 544 (E.D. Pa 2001) in which the Court upheld the Defendant's contention that the firearm was not in or affecting interstate commerce in a case in all points similar to the case sub judice. The logic and analysis of the Court in Coward compels nullification

of the conviction in this case because the firearm in this case was validly purchased after it had come to rest and was no longer in or affecting interstate commerce. The decisions of the Supreme Court in United State vs. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), United States vs. Morrison, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) and Jones vs. United States, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) have conclusively removed the fiction that a firearm's affect upon or being in commerce at a point in the past makes that effect or presence eternal or continuing for federalizing simple possession of a firearm by a felon. Thus, the prosecution's contention that the firearm in this case was manufactured outside of West Virginia and therefore shipped to West Virginia no longer avails to federalize the activity of the Petitioner when he was arrested on August 4, 2002, for possession of a handgun. Accordingly, Petitioner's conviction for violation of § 922(g)(1) should be vacated.

## Conclusion

The sentence to confinement of 180 months imposed upon Petitioner in this case was illegal. The maximum punishment permissible under the statute was 120 months. Petitioner did not qualify as an Armed Career Criminal justifying a sentence beyond 120 months because none of the two offenses for which he was convicted in 1982 and 1983 qualified him for such a statuts. This Court now must rectify the illegal sentence and convene a new sentencing hearing, or in the alternative vacate Petitioner's conviction for lack of sufficient nexus of interstate commerce regarding the firearm in question.

## Certificate Of Service

I hereby certify that on this __12__ day of August, 2003, a copy of the aforegoing Memorandum in Support of Motion For Reconsideration Of Sentence. Pursuant to Rule 60(b)(2) was mailed, first-class mail, postage prepaid to:

Miller A. Bushong, III, Esq.
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326

W. Micheal Frazier, Esq.
Frazier & Frazier, Esq.
P.O. Box 2808
Huntington, WV 25309

Respectfully Submitted,

*John D. Mooney*

John David Mooney,
Petitioner

(10)

Exhibit I

# Mack & Dave's

1010 THIRD AVENUE, HUNTINGTON, WV 25701
TELEPHONE (304) 697-4211

TERMS:

ACCOUNT # _____ PO # _____ DATE 4/23/87

NAME Florencia A McCloud  PHONE

ADDRESS Rt 6 Box 396

CITY St Paul  STATE Ohio  ZIP 45680

SOLD BY 774  CASH / CHARGE / TERMS / LAYAWAY / C.O.D. / SPEC. ORDER — Mastercard

| QTY. | INV. # | DEPT. | DESCRIPTION | CODE | AMOUNT |
|---|---|---|---|---|---|
| 1 | 065125 | 1 | Charley Ann 38 pl | DKRR | 204.50 |
| 1 | | 2 | Shelly | BRSM | 12.50 |
| 1 | | 2 | Sheila | WAID | 17.50 |
| | | | | | 234.50 |

Florencia 04610967
DOB 11-13-48
1057386

LESS TRADE-IN:

PURCHASER Florencia A McCloud

TAX 14.07
TOTAL 248.57
DEPOSIT
BALANCE

55119  CREDIT APPROVAL / DELIVERED BY / OFFICE CHECK

PLEASE NOTE: ALL WARRANTY CLAIMS AND EXCHANGES MUST BE ACCOMPANIED BY THIS INVOICE.
NO CASH REFUNDS • EXCHANGES ONLY • SEE IMPORTANT INFORMATION ON BACK

CUSTOMER COPY

Exhibit II

17

Willard - Direct

1  A.  Yes.
2  Q.  -- and removed her firearm from the house?
3  A.  Yes. She gives a little different story than the 911
4  tape, but she says that he did take the firearm and it was --
5  but that he did come into her house and it wasn't where -- she
6  said he woke her up from a sound sleep at 2:00 in the morning,
7  so --
8  Q.  All right. The firearm was seized by the Huntington
9  Police Department. Did you have an opportunity to test-fire
10 it?
11 A.  Yes, sir, I test-fired the Charter Arms revolver and it
12 was found to function as designed.
13 Q.  When it was seized, was it loaded? Do you remember?
14 A.  No, sir, it was not.
15 Q.  All right. And where was that firearm manufactured?
16 A.  That was manufactured in the State of Connecticut.
17 Q.  So it necessarily traveled in interstate commerce?
18 A.  Yes, sir. It was recovered in West Virginia.
19 Q.  The defendant has been convicted of three felonies. In
20 1982 he was convicted in Ohio of burglary. Is that correct?
21 A.  That's correct.
22 Q.  In 1983 he was convicted in West Virginia of attempt to
23 commit non-aggravated robbery?
24 A.  Yes, sir.
25 Q.  And in 1989 he was convicted in West Virginia of