IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                          CRIMINAL NO. 3:02-00231
                                            (CIVIL ACTION NO. 3:04-1001)

JOHN DAVID MOONEY,

        Movant.

## FINDINGS AND RECOMMENDATION

In February of 2003, following consummation of a plea agreement, John David Mooney entered a plea of guilty to a single count indictment in which he was charged with being a felon in possession of a firearm. On May 12, 2003, following denial of his motion to withdraw his guilty plea, Mooney was sentenced by the Court to a term of imprisonment of one hundred eighty months[1] to be followed by three years supervised release. His conviction and sentence were affirmed on appeal. United States v. Mooney, No. 03-4433, 90 Fed. Appx. 59 (4th Cir. March 22, 2004). Thereafter, on September 16, 2004, Mooney filed a motion under the provisions of 28 U.S.C. §2255 in which he asserts that counsel representing him was ineffective. The United States has filed a response to the motion and the matter is ready for decision.

---

[1] Mooney was subject to an enhanced sentence under the provisions of 18 U.S.C.§924(e) and was sentenced as a career criminal based on at least three prior convictions for violent felony offenses.

Mooney came into possession of a .38 caliber revolver following an altercation with his ex-wife, who was apparently the owner of the firearm. The facts concerning the altercation, which took place in the early morning hours, are not clear. It is, however, undisputed that following the altercation, which occurred at the residence of the ex-wife where movant may also have been residing, movant took possession of the firearm and walked several blocks to a bar where he worked as a part-time employee. After he entered the bar, law enforcement officers arrived.[2] Mooney then came out of the bar, and, as he relates in an affidavit submitted with his motion, raised his hands above his shoulders and advised the officers that he had a gun in his pocket. He was then arrested on various charges including concealing a dangerous and deadly weapon.

Contending that his wife was fully capable of causing harm with the firearm, that she had shot a former husband and shot at a former boyfriend, movant asserts that he took the firearm from her after she held it to his head. He states that he informed his lawyer of these facts and that, though a "justification" defense would have been available, his lawyer advised him, as well as the Court at the plea proceeding, that if the case went to trial there would be no meritorious legal defense to the charge. Had he "known of the availability of the 'justification' defense" movant says he would "have pleaded not guilty and gone to trial."

In ruling on movant's claim of ineffective assistance, the Court evaluates counsel's performance under standards established by the Court in <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984), recognizing that "[a]n ineffective assistance claim has two components:" movant "must show that counsel's performance was deficient," and he must show "that the deficiency prejudiced

---

[2] After he left the house, Mooney's ex-wife called 911 and informed them he had the firearm and was on his way to the bar.

the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003). "In the context of a guilty plea, a demonstration of prejudice requires [movant] to establish 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Reid v. True, 349 F.3d 788, 798 (4th Cir. 2003), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). Finding that counsel's performance in this case was not deficient, the Court does not address the prejudice prong.

Under the performance prong, movant must "show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, supra at 688. Scrutiny of counsel's performance under the prescribed standard does not contemplate application of "set of detailed rules for counsel's conduct," id., the Court having "declined to articulate specific guidelines for appropriate attorney conduct... ." Wiggins v. Smith, supra at 521. Recognizing the "constitutionally protected independence of counsel" and the "wide latitude counsel must have in making tactical decisions," the Supreme Court has admonished reviewing courts that, in resolving ineffectiveness claims, "scrutiny of counsel's performance must be highly deferential," that every effort must be made "to eliminate the distorting effects of hindsight" and that the challenged conduct must be evaluated "from counsel's perspective at the time." Strickland v. Washington, supra at 689. Moreover, courts "must indulge strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. Utilizing these standards, the Court does not find in the motion or the record of this case any basis for concluding that counsel's advice with respect to the guilty plea was deficient.

Citing decisions from this and other circuits, movant contends that, under the facts, the defense of justification was a viable defense to the charge of unlawful possession, and that counsel should have recognized that fact. He believes that, in accordance with the decisions outlining the elements of the defense, the evidence in this case would have supported an argument that at the time he possessed the firearm he was under an unlawful and present threat of death or serious bodily injury, that he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct, that he had no reasonable legal alternative to both the criminal act and the avoidance of the threat, and that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.[3] In evaluating movant's claim, the Court does not write on a clean slate for almost precisely the same argument was made on movant's motion to withdraw his guilty plea. As the Court pointed out in ruling on that motion, movant's possession of the weapon continued well beyond the time he arguably was threatened by his wife, and as a consequence her threats provided no basis upon which to argue the defense of justification. Indeed, the Court advised movant that his version of the facts did not provide a legal defense to the charge and that the Court would not have allowed argument to the jury on that theory of defense.[4] As the Court pointed out in United States v. Perrin, supra at 874-75, courts of appeals have construed the justification defense "very narrowly" and applied it "only on the rarest of occasions." Patently, under the facts of this case, that defense was not available to movant and counsel's failure to advise

---

[3] See, United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989); United States v. Perrin, 45 F.3d 869, 873-74 (4th Cir. 1995).

[4] The Court's decision denying movant's motion to withdraw his guilty plea was the only ground considered by the court on his appeal, and the court's affirmance of the decision precludes reconsideration of that issue in a collateral proceeding. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

him to go to trial based on the defense of justification cannot be characterized as ineffective assistance.

## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

DATED: July 20, 2006

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE