IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Respondent,

vs.                                                CRIMINAL ACTION  NO. 3:02-00231
                                                   (CIVIL ACTION NO. 3:04-1001)

JOHN DAVID MOONEY,

        Petitioner.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner John David Mooney's motion to have his sentence set aside under 28 U.S.C. § 2255, the proposed findings and recommendations of the Magistrate Judge, and Petitioner's objections thereto.  For the reasons stated below, the Magistrate Judge's proposed findings and recommendations are **ADOPTED**, Petitioner's objections are **DENIED**, and Petitioner's motion is **DISMISSED**.

**I.**

In February of 2003, John David Mooney pleaded guilty, pursuant to a plea agreement, to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Mr. Mooney's sentencing hearing was held on May 12, 2003.  At that time, Mr. Mooney attempted to withdraw his plea on the grounds that his plea was based on an incorrect assumption and that he was legally justified in possessing the weapon.  This Court denied his motion to withdraw his plea.  The Court went on to find that Mr. Mooney was an armed career criminal and thus subject to a fifteen year minimum sentence.  He was sentenced to a term of imprisonment of one

hundred eighty months followed by three years of supervised release.

Mr. Mooney appealed his sentence to the Fourth Circuit Court of Appeals based upon this Court's denial of his motion to withdraw his plea agreement.  The Fourth Circuit affirmed the decision of the Court without oral argument.  *United States v. Mooney*, 90 Fed. Appx. 59 (4th Cir. March 22, 2004) (unpublished).

Mr. Mooney came into possession of a .38 caliber revolver after an altercation with his ex-wife, the apparent owner of the firearm.  While there are conflicting facts concerning the details of the altercation, the vital facts are not disputed.  Mr. Mooney was at his ex-wife's home, where he may have been residing, when he and his ex-wife became involved in an altercation.  At some point during the argument, Mr. Mooney took possession of the firearm and walked several blocks to a bar where he was occasionally employed.  Sometime after he entered the bar, law enforcement officers arrived.  Mr. Mooney exited the bar, raised his hands in the air, and immediately informed the police that he had a revolver in his pocket.

Petitioner contends that he was justified in taking possession of the weapon to ensure his safety.  He argues that his ex-wife had previously shot a former husband, shot at a former boyfriend, and he believed that she was going to harm him with the gun.  Petitioner states that he informed his lawyer of these facts and his lawyer advised him and the Court that he believed there was no meritorious legal defense to the charge.  Petitioner contends that had he known that there was a justification defense to the charge, he would not have plead guilty.

The present motion seeks to have Petitioner's sentence set aside on the grounds that counsel representing him rendered ineffective assistance.  The motion was referred to Magistrate Judge Taylor who issued Findings and Recommendation on July 20, 2006.  Magistrate Judge Taylor recommended that the relief sought be denied because Petitioner's counsel's performance

was not deficient. Petitioner has filed objections.

Petitioner objects to the findings and recommendation of the Magistrate Judge. Specifically, Petitioner objects to the Magistrate Judge's failure to take notice of his attempts to contact the Huntington Police Department prior to leaving his ex-wife's residence. Petitioner also objects to the Magistrate Judge's finding that counsel's performance was not deficient, arguing that counsel's failure to advise him of a justification defense falls below an objective standard of reasonableness. Petitioner contends that counsel's error cannot be considered sound trial strategy. Additionally, Petitioner objects to the Magistrate Judge's reliance on the Court's ruling on the motion to withdraw his guilty plea. Finally, Petitioner also objects to the failure of the Magistrate Judge to conduct an evidentiary hearing prior to filing his Findings and Recommendation.

## II.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-part test in stating:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. As the Court went on to explain, "[t]he proper standard of attorney performance is that of reasonably effective assistance." *Id.* Thus, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Finally, the Court

noted that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With regards to a guilty plea, the defendant must be able to show that but for the unprofessional and prejudicial conduct of counsel, he would have not pleaded guilty and would have instead proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In essence the petitioner contends that had counsel informed him of the possibility of a justification defense under *United States v. Crittendon*, 883 F.2d 326 (4th Cir. 1989), he would not have pleaded guilty. The Fourth Circuit in *Crittendon*, while it did not rule "on the general availability of the common law defense of justification in possession of a firearm by a convicted felon cases," stated that to be entitled to such a defense, a defendant must be able to show that he:

   (1)   was under unlawful and present threat of death or serious bodily injury;

   (2)   did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

   (3)   had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and

   (4)   a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Id.* at 330.

As the Magistrate Judge discussed and to which Petitioner objects, this Court already addressed the availability of an affirmative defense to Petitioner. At the hearing on Petitioner's motion to withdraw his guilty plea, counsel for Petitioner argued that Mr. Mooney felt that he could credibly assert his legal innocence to the crime. Petitioner felt that his reason for the possession of the gun would excuse the actual possession. Counsel represented to the Court that

he did not feel that the facts were sufficient to overcome the elements of the offense. The Court agreed with counsel. The Court, though not directly referring to the test in *Crittendon*, found that Petitioner would not be able to meet the necessary elements. Specifically, the Court noted that while Petitioner may have been able to successfully show that he was under a present threat of death or serious bodily injury at the time he took the gun from his ex-wife's possession, he is unable to show a causal connection between that threat and his continued possession of the gun. Petitioner's continued possession of the weapon after leaving the home negates his possible defense.

Petitioner contends that he phoned 911 prior to leaving the house on the evening in question and that this fact supports his justification defense. Assuming that Petitioner did make two 911 calls from his ex-wife's residence prior to leaving does not justify his possession of the gun. The fact that Petitioner phoned 911 twice prior to leaving the residence with the gun does not support his continued possession of the weapon. If Petitioner's intention was to immediately turn the weapon over to the authorities, he could have simply waited for the police to respond to his 911 phone calls instead of securing the weapon in his pocket and walking to another location where the police, acting on a phone call from the ex-wife, apprehended him.

The Court must evaluate the conduct of counsel from counsel's perspective at the time. *Strickland*, 466 U.S. at 689. The Court "must indulge strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, defendant must overcome the presumption that under the circumstance, the challenged action ''might be considered sound trial strategy.'" *Id.* Petitioner has provided no evidence that counsel's failure to suggest the defense of justification was not reasonable professional assistance. There is no evidence before the Court that counsel did not determine, as did this Court, that given the facts

of the case, that Petitioner did not have a meritorious legal defense to the charge against him. Therefore, the Court finds that counsel's failure to advise Petitioner of the defense of justification can be considers sound trial strategy and does not support a claim of ineffective assistance of counsel.

Additionally, Petitioner objects to the failure of the Magistrate Judge to conduct an evidentiary hearing prior to issuing his findings and recommendation.  The Court finds that Petitioner's motion and records conclusively show that he is entitled to no relief; therefore, an evidentiary hearing is not required.  28 U.S.C. § 2255; *see also  United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir.1988).

### III.

For the reasons set forth herein, the Magistrate Judge's proposed findings and recommendations are **ADOPTED**, Petitioner's objections are **DENIED**, and Petitioner's motion is **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Taylor, counsel of record, and any  unrepresented parties.

ENTER:       August 23, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE