IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA,**

v.                                                          **Criminal Action No. 3:02-cr-00231**
                                                                 **Honorable Robert C. Chambers**

**JOHN DAVID MOONEY,**

       **Defendant.**

**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER OR
IN THE ALTERNATIVE TO TRANSFER DETENTION FACILITY**

COMES NOW the Defendant, by counsel, Nicholas S. Preservati and Joseph L. Jenkins, of Preservati Law Offices, PLLC, and hereby moves this Honorable Court for the following relief and in support thereof states as follows:

       A.        **MOTION FOR REVOCATION OF DETENTION ORDER**

On November 22, 2002, United States Magistrate Judge Maurice G. Taylor, Jr. ordered the Defendant detained pending trial. Judge Taylor's detention order was based mostly upon Defendant's prior criminal history, which included "crimes of violence and crimes involving possession of firearms" and that due to Defendant's prior criminal history, "no condition or combination of conditions will reasonably assure the safety of other persons and the community." Detention Order, Document 13, Case No. 3:02-cr-00231 (November 22, 2002). Defendant was arrested on October 29, 2002 and was detained at that time. After pleading guilty on February 26, 2003, with faulty advice from his attorney, Defendant was sentenced to fifteen years imprisonment on May 13, 2003. Defendant's case was remanded to this Court to allow

Defendant to withdraw his plea of guilty on the basis Defendant received ineffective assistance of counsel.

Upon remand and the withdrawal of Defendant's plea filed concurrently with this motion, the presumption of innocence again attaches to Defendant. Therefore, as of now, Defendant has been detained for approximately five years (since October 29, 2002) for something of which he is presumed innocent. There can be no greater infringement upon Defendant's constitutionally protected life and liberty.

Not only has defendant been detained for approximately five years on a charge in which he is presumed innocent, Defendant's prior run-ins with the law happened approximately five years before charged offense allegedly occurred, with only one conviction during those five years in which the Defendant plead *nolo contendere* to one charge of domestic violence in which there is a long history of false accusations made by the victim. During most of the five years, Defendant was gainfully employed as a union bridge construction worker, until being laid off due to lack of work. Just prior to this charge being brought, Defendant was determined disabled and unable to work.

While Defendant cannot retract or ignore his prior criminal history, Defendant can move forward in attempt to better himself and that is what he has done. Defendant served his time for his past wrongs and learned from his prior indiscretions. Defendant has been an upstanding, model prisoner during his detainment. Defendant had put his life back together until it came crashing down again with this charged offense. It has been ten years since Defendant was convicted of an offense, excluding the one *nolo* plea discussed above. A person's prior criminal history cannot be held against him in perpetuity, or one of the cornerstones of our corrections system, rehabilitation, is made meaningless.

18 U.S.C. § 3145(b) allows a Defendant to move before this Court for revocation of a detention order entered by a Magistrate Judge and said motion shall be heard promptly. 18 U.S.C. § 3142 allows a Defendant to be released upon his own personal recognizance, unsecured appearance bond or conditional release. The court is to consider various factors under 18 U.S.C. § 3142(g), including: the nature and circumstances of the charged offense; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community.

Although the charged offense involves a firearm, there is strong evidence that the Defendant was justified in his actions, which leads to the weight of the evidence as being minimal against the Defendant. The Defendant still has family in the Huntington, West Virginia area, including two brothers, one of which, James Mooney, will allow Defendant to reside with him and his family pending resolution of this case. As evidenced by Defendant's attempt to right his life and move beyond his criminal past, Defendant poses no danger to any person or the community. Furthermore, upon information and belief, the alleged victim in this case no longer resides in Huntington, West Virginia and therefore, should Defendant be released, would not have any interaction with his ex-wife, Florencia McCloud.

For the aforementioned reasons, Defendant has rebutted the presumption "that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e). As such, Defendant should be released pending trial. At a minimum, Defendant respectfully asks the Court to consider home confinement/remote monitoring as a condition for release.

## B.     ALTERNATIVELY, MOTION TO TRANSFER DETENTION FACILITY

Should the Court deny Defendant's request to revoke the detention order, Defendant requests the Court to remand custody of Defendant to the U.S. Marshals Service. *See* 28 C.F.R. § 0.111(k) (indicates that one of the activities of the U.S. Marshals Service is the "sustention of custody of Federal prisoners" from the time of their arrest by a marshal or their remand from the court, up until sentencing). Therefore, the Court having jurisdiction over the case, as well as Defendant, and the U.S. Marshals Service having the duty to oversee the custody and transportation of federal prisoners awaiting trial, it is within the Court's discretion to have the Defendant remanded to the custody of the U.S. Marshals Service pending trial.

Defendant is currently being detained in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution – Gilmer ("FCI Gilmer"), located near Glenville, West Virginia. FCI Gilmer's visiting regulations are more stringent when compared to other detention facilities used for detaining defendants awaiting disposition in the Southern District of West Virginia. These stricter regulations make it more difficult for counsel to visit with Defendant.

FCI Gilmer requires Defendant's counsel to submit to a background check and requires counsel to schedule all meetings with Defendant's prison counselor prior to being allowed to visit with Defendant, sometimes restricting those visits based upon the counselor's schedule. Additionally, Defendant is limited in what items he can bring to his meeting with counsel, including being prohibited from bringing his full file on this case to the attorney-client meeting. This has the potential to severely hamper counsel's representation by limiting counsel's access to information rightfully possessed by Defendant and relevant to his defense. This is even more pronounced in this case where Defendant's prior counsel has informed the undersigned that prior counsel's entire file was sent to Defendant, thereby leaving access to such pertinent information

solely through Defendant. It is imperative that counsel have access to the full record of this case, including parts of the record in Defendant's possession. Furthermore, Defendant and counsel need access to all information, both counsel's and Defendant's, during attorney-client meetings to properly prepare for trial.

Finally, FCI Gilmer is approximately ninety-five miles from Charleston, where counsel is located, and approximately one hundred forty-eight miles from Huntington, where this case is scheduled for trial. Trial preparation will entail numerous meetings with Defendant, thus making the distance between counsel's office and FCI Gilmer an issue as well, in that valuable time will be spent on the road instead of meeting with Defendant. All of this combines to substantially interfere with Defendant's Sixth Amendment right to counsel.

Although Defendant recognizes that the Court is limited in its authority to direct where the U.S. Marshals Service may specifically detain Defendant, Defendant respectfully requests the Court to recommend to the U.S. Marshals Service that upon transfer to the custody of the U.S. Marshals Service, Defendant be removed from FCI Gilmer and detained at the Carter County Dentition Center in Grayson, Kentucky. Defendant was detained at Carter County prior to his sentence and his experience there was conducive to effectively assisting his counsel. Counsel, as well, is experienced in working with Carter County officials as counsel has and does represent numerous individuals detained at Carter County. Counsel has been able to review and exchange materials with detained clients in furtherance of their representation. Counsel has never been denied access to a client. Given that counsel currently has three clients being detained at Carter County, there would be no burden upon counsel to visit with Defendant at Carter County in conjunction with his responsibilities to other clients. Additionally, Carter County is

approximately fifteen miles closer to counsel's office and only approximately thirty miles from the Court in which his trial will take place.

      For all of the aforementioned reasons, transfer to a more appropriate detention facility will facilitate Defendant's representation by counsel and aid in Defendant's preparation for trial, all in furtherance and respect of Defendant's Sixth Amendment right to counsel.

                                  Respectfully submitted,

                                  **John David Mooney**,
                                  By counsel,

s/Nicholas S. Preservati_____
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA,**

v.  **Criminal Action No. 3:02-cr-00231**
  **Honorable Robert C. Chambers**

**JOHN DAVID MOONEY,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of September, 2007, I filed the foregoing **Defendant's Motion for Revocation of Detention Order or in the Alternative to Transfer Detention Facility** with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participants:

Miller A. Bushong, III, Esquire
U. S. ATTORNEY'S OFFICE
110 Heber Street, Room 261
Beckley, West Virginia 25801
304/253-6722
Fax: 304/253-9206
miller.bushong@usdoj.gov

s/Nicholas S. Preservati
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*