IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

**UNITED STATES OF AMERICA**

**v.**                                                                        **NO. 3:02-00231**

**JOHN DAVID MOONEY**

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Rule 16.1(a) of the Local Rules of Criminal Procedure, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]

**Response:** See Response to Request E below. Defendant should assume that the United States will attempt to introduce at trial any prior oral statements he may have made.

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:** See Response to Request E below.  Defendant should assume that the United States will attempt to introduce at trial any written or recorded statements he may have made.

(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** See Response to Request E below.

(iii) The defendant's recorded testimony before a grand jury relating to the charged offense.  [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** Not applicable.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that persons's position as the defendant's

2

**director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response:** Not applicable.

**Request D: Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response:** A copy of defendant's criminal history is attached.

**Request E: Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** See attached documents:

1. Recommendation for Prosecution by ATF Special Agent Todd A. Willard.

2. Defendant's criminal history.

3. ATF Report of Investigation by Special Agent Todd A. Willard regarding Allegation of Firearm Possession by John David Mooney.

4. Arrest Information sheet.

5. Huntington Police Department Incident/Offense Report by Officers S. Hudson and J. Sexton.

6. Huntington Police Department Domestic Violence Complaint.

3

7. 911 Call Summary (A cassette tape of this call was provided to former defense counsel, W. Michael Frazier. Attorney Frazier confirmed by telephone today that he provided the defendant with a copy of the tape and did not keep a copy.)

8. ATF Report of Investigation by Special Agent Todd A. Willard regarding Felony Convictions of John David Mooney.

9. Documentation of prior convictions of John David Mooney.

10. ATF Report of Investigation by Special Agent Todd A. Willard regarding Interstate Nexus Determination.

11. ATF Property Inventory/Forfeited Property Appraisal Report regarding seizure of firearm.

12. ATF Report of Investigation by Special Agent Todd A. Willard regarding Interview with Florencia Ann McCloud.

13. Mack and Dave's sales receipt for firearm.

14. ATF Report of Investigation by Special Agent Todd A. Willard regarding Fingerprint Comparison for Identification Purposes.

15. Huntington Police Department Evidence Examination Report regarding Fingerprint Comparison.

16. Transcript of grand jury testimony of Special Agent Todd A. Willard taken on October 8, 2002.

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control;**

**(ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** Reports are enclosed with the reports of investigation as described above in Request E.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States intends to call Special Agent Todd A. Willard as an expert in interstate nexus/determination of location of manufacture of firearms. He will testify in conformity with his report based on his education, training, and experience.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is unaware of any such evidence other than that which is contained herein.

**Request I:** Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

**Response:** The United States intends to offer FRE 404(b) evidence.  The United States will supplement this response once defendant asserts the affirmative defense of justification.

**Request J:** Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:** Not applicable.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** The United States will seek judicial notice that Huntington, Cabell County, West Virginia, is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** Not applicable.


**Request M:  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

**REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 10 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

                          Respectfully submitted,

                          CHARLES T. MILLER
                          United States Attorney

By:  /s/ Miller A. Bushong III, AUSA
     MILLER A. BUSHONG III
     WV Bar No. 5802
     Assistant United States Attorney
     110 North Heber Street
     Beckley, WV  25801
     Telephone: (304) 253-6722
     Fax: (304) 253-9206
     E-mail: miller.bushong@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by United States Mail on this 12th of October, 2007, to:

>Nicholas S. Preservati, Esquire
>PRESERVATI LAW OFFICES
>Post Office Box 1431
>Charleston, West Virginia  25325
>Email: nsp@preservatilaw.com

>/s/ Miller A. Bushong III, AUSA
>MILLER A. BUSHONG III
>WV Bar No. 5802
>Assistant United States Attorney
>110 North Heber Street
>Beckley, WV  25801
>Telephone: (304) 253-6722
>Fax: (304) 253-9206
>E-mail: miller.bushong@usdoj.gov