IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.  ) | Criminal Action No. 3:02-cr-00231 |
| ) | |
| ) | Honorable Robert C. Chambers |
| JOHN DAVID MOONEY, ) | |
| ) | |
| Defendant.  ) | |

## MOTION IN LIMINE TO PROHIBIT USE OF CRIMINAL RECORD TO IMPEACH DEFENDANT

COMES NOW the Defendant, by counsel, Nicholas S. Preservati and Joseph L. Jenkins, of Preservati Law Offices, PLLC, and hereby moves this Honorable Court for an Order prohibiting the United States from using the Defendant's prior criminal record to impeach the Defendant, and in support thereof, states as follows:

### Statement of Facts

1.  Mr. Mooney has had no juvenile adjudications. His only convictions have been as an adult. Mr. Mooney's misdemeanor convictions have been for: public intoxication, disturbing the peace, resisting arrest, destruction of property, drunk driving, obstruction (resisting arrest), and domestic violence.

2.  On January 5, 1982, Mr. Mooney plead guilty to the felony charge of attempting to commit a felony related to an underlying malicious wounding charge that was pending against him. He was released from custody on November 20, 1982.

3. On May 6, 1982, Mr. Mooney plead guilty to the felony charge of Second Degree Burglary. He was incarcerated for six (6) months and was placed on probation for three (3) years.

4. On February 23, 1983, Mr. Mooney plead guilty to the felony charge of Attempted Non-Aggravated Robbery. He was sentenced to five (5) to eighteen (18) years. However, his sentenced was commuted by the Governor to time served due to Mr. Mooney turning over a handgun to authorities that was smuggled into prison. Mr. Mooney was paroled on July 21, 1987.

5. On May 12, 1988, Mr. Mooney plead guilty to the felony charge of Aggravated Robbery. He was sentenced to fifteen (15) years imprisonment, with his sentence being suspended. He was then paroled on March 24, 1994. He was discharged from parole on July 11, 1996.

6. On August 9, 1988, Mr. Mooney plead guilty to the felony charge of Aggravated Robbery. He was sentenced to fifteen (15) years imprisonment, with his sentence being suspended. He was then paroled on March 24, 1994. He was discharged from parole on July 11, 1996.

7. On September 16, 2002, Mr. Mooney plead guilty in state court to the substantive offense of domestic violence and concealment of a dangerous weapon. The underlying facts supporting his plea of guilty to the state court charges arise out of the same transaction for which Mr. Mooney is currently being charged.

## **Introduction**

Mr. Mooney is seeking this Motion in Limine to prevent the United States from attempting to impeach him with the above referenced convictions. First, none of the

crimes for which Mr. Mooney has been convicted are crimes of dishonesty or falsehood. Secondly, all of Mr. Mooney's felony convictions occurred more than ten (10) years ago. More importantly, at no time during the past ten (10) years was Mr. Mooney ever incarcerated in relation to any of his felony convictions. Finally, the United States should be prohibited from referencing any instance in which Mr. Mooney was arrested, when such arrest did not result in a conviction

### Standard of Review and Burden of Proof

Rule 609 of the Federal Rules of Evidence govern the admissibility of Mr. Mooney's criminal record for impeachment purposes. Subdivision (a) is the dominant provision in the Rule, covering convictions that Congress considered to be "recent" enough to have substantial probative value as to the witness' character for veracity. The most crucial inquiry under Rule 609(a) is whether the conviction that is the subject of impeachment falls under subdivision (a)(1) or subdivision (a)(2). The legislative presumption is that crimes that involve dishonesty or false statement (covered by subdivision (a)(2)) are highly probative of the witness' character for veracity, while other convictions (covered by subdivision (a)(1)) are somewhat less probative.

Additionally, the United States bears burden of persuading the court that the probative value of a conviction offered to impeach a witness under Rule 609 exceeds its prejudicial effect to the defendant. United States v Mahone, 537 F2d 922 (7th Cir. 1976), *cert. denied* 429 US 1025, 50 L Ed 2d 627, 97 S Ct 646; United States v Thorne, 547 F2d 56 (8th Cir. 1976); United States v Smith, 551 F2d 348 (D.C. Cir. 1976); United States v Hayes, 553 F2d 824 (2nd Cir. 1977), *cert denied* (1977) 434 US 867, 54 L Ed 2d 143, 98 S Ct 204; United States v Gross, 603 F2d 757 (9th Cir. 1979).

**A.     None of the Crimes for which Mr. Mooney has been Convicted are Crimes of Dishonesty or Falsehood.**

Pursuant to Rule 609(a)(2), for the purpose of attacking the character for truthfulness of a witness, "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by definition "entail some *element* of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification." United States v. Brackeen, 969 F.2d 827 (9th Cir. 1992). The court reasoned that Rule 609(a)(2) is exceptional within the context of the Federal Rules since it is one of the very few rules that does not permit judicial balancing. Id. As such, it should be narrowly construed. *See also* Altobello v. Borden Confectionary Prods., Inc., 872 F.2d 215 (7th Cir. 1989) (Rule 609(a)(2) must be construed narrowly to avoid swallowing Rule 609(a)(1) and its balancing test).

A strict construction of Rule 609(a)(2) is sound policy, since almost every criminal act is in some broad sense a dishonest act in either preparation or execution. A broad construction of Rule 609(a)(2) would swallow up Rule 609(a)(1) and would lead to automatic admissibility of almost all prior convictions, even though many of these convictions would have slight probative value as to the witness' character for truth-telling, and would carry significant prejudicial effect. Id.

The Fourth Circuit has acknowledged that Rule 609(a)(2) is confined to a "narrow class of crimes which by their nature bear directly upon the witness' propensity to testify

4

truthfully." U.S. v. Cunningham, 638 F.2d 696 (4th Cir. 1981). In defining the narrow class of crimes subject to Rule 609(a)(2), the Fourth Circuit relied upon the Conference Committee Report, which defined crimes of "dishonesty or false statement" as:

> Crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Also, the First Circuit has held that a defendant's six (6) convictions for burglary and one (1) conviction for armed robbery were not crimes of dishonesty under Rule 609(a)(2). Linskey v. Hecker, 753 F.2d 199 (1st Cir. 1985).

The Tenth Circuit has held that, as used in Rule 609(a)(2), "dishonesty and false statement" does not include convictions for robbery or burglary, since the term is used restrictively and is limited to prior convictions involving some element of deceit, untruthfulness or falsification which would tend to show that accused would be likely to testify untruthfully. United States v Seamster, 568 F2d 188 (10th Cir. 1978).

That court found that the courts which have had occasion to consider the question have agreed upon the class of crimes that are included within the term "dishonesty and false statement" as used in Rule 609(a)(2). The court held in pertinent part:

> Of course, robbery, burglary and theft are ordinarily considered to be dishonest, but the term as used in Rule 609(a)(2) is more restricted. We think the legislative history of this provision shows that Congress intended to limit the term to prior convictions involving some element of deceit, untruthfulness or falsification which would tend to show that an accused would be likely to testify untruthfully. To come within Rule 609(a)(2) the convictions must have some bearing on the credibility of the witness. In United States v. Smith, 179 U.S.App.D.C. 162, 551 F.2d 348 (1976), after a review and an analysis of

5

> the complete legislative history of Rule 609, including Congressional debates, it was held that ***crimes such as robbery and other crimes of violence were not within the provisions of Rule 609(a)(2)***. In United States v. Papia, 560 F.2d 827 (7th Cir. 1977), the general meaning of dishonesty was also discussed and it was concluded from the legislative history of 609(a)(2) that a more restricted definition was intended. The court stated, at 846:
>
> . . . "Because the crime of larceny or theft is neither enumerated above nor encompassed by the strict meaning of the term "crimen falsi," an inference arises that Congress intended the term "dishonesty" in Rule 609(a)(2) to mean something more than a man's propensity to steal what does not belong to him."

(emphasis added). *See also* United States v. Ortega, 561 F.2d 803 (9th Cir. 1977); United States v. Ortiz, 553 F.2d 782 (2d Cir. 1977); United States v. Mahone, 537 F.2d 922 (7th Cir. 1976), cert. denied, 429 U.S. 1025, 97 S. Ct. 646, 50 L. Ed. 2d 627; Government of the Virgin Islands v. Toto, 529 F.2d 278 (3d Cir. 1976).

The Seventh Circuit has also held that a district court did not abuse its discretion in excluding evidence of witness's prior convictions for criminal trespass and burglary because they were unrelated to witness's ability to tell truth. United States v Rodriguez-Andrade, 62 F3d 948 (7th Cir. 1995).

The Ninth Circuit followed suit when it held that for purposes of Rule 609(a)(2), bank robbery is not a crime of "dishonesty". United States v Brackeen, 969 F.2d 827 (9th Cir. 1992). *See* United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) (noting that "crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary or petit larceny, do not come within" Rule 609(a)(2)); United States v. Sellers, 906 F.2d 597, 603 (11th Cir. 1990) ("Crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2).").

In a case decided after the effective date of the Federal Rules of Evidence, the Third Circuit held that a crime must involve expressive dishonesty to be admissible under Rule 609(a)(2).  In Cree v. Hatcher, 969 F.2d 34, 38 (3d Cir. 1992), the court stated:

> The proper test for admissibility under Rule 609(a)(2) does not measure the severity or reprehensibility of the crime, but rather focuses on the witness's propensity for falsehood, deceit or deception. Applying that teaching here, we readily conclude that, *although robbery is certainly a very serious crime, it does not involve communicative or expressive dishonesty*. Therefore, the district court erred by holding that robbery is a crime involving dishonesty that is automatically admissible under Rule 609(a)(2).

(emphasis added).  *See also*: Walker v. Horn, 385 F.3d 321 (3rd Cir. 2004).  The rule in the Fifth Circuit is that felony theft is not a crime of dishonesty under Rule 609(a)(2).  Coursey v. Broadhurst, 888 F.2d 33 (5th Cir. 1989).  Likewise, the Sixth Circuit has been unwilling to conclude that offenses such as petty larceny, shoplifting, or robbery are crimes of "dishonesty or false statement."  United States v. Scisney, 885 F.2d 325, 326 (6th Cir. 1989).

Thus, while the Fourth Circuit has not spoken directly to the application of Rule 609(a)(2) to crimes involving robbery or burglary, it has followed the guidance of the Conference Committee Report, which states that the rule is limited to crimes such as fraud and embezzlement.  Of the other Circuits that have addressed this issue, the First, Second, Third, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits have all held that crimes such as robbery or burglary are not crimes of dishonesty or false statement under Rule 609(a)(2).  The case law throughout the Circuits is clear.  A defendant cannot be impeached under Rule 609(a)(2) regarding prior convictions for robbery or burglary.

By applying this clear mandate to the case at hand, it is apparent that none of Mr. Mooney's prior convictions can be used for impeachment purposes under Rule 609(a)(2). There can be no colorable argument that his convictions for public intoxication, disturbing the peace, resisting arrest, destruction of property, drunk driving, obstruction (resisting arrest), or domestic violence are crimes of dishonesty or false statement. Therefore, none of his misdemeanor convictions can be used for impeachment purposes under Rule 609(a)(2).

Mr. Mooney's remaining convictions are for Attempting to Commit a Felony (malicious wounding), Second Degree Burglary, Attempted Non-Aggravated Robbery, and Aggravated Robbery. Based upon the clear law in virtually every Circuit, none of these convictions are considered crimes of dishonesty or falsehood under Rule 609(a)(2). Thus, because none of Mr. Mooney's prior convictions are for crimes of dishonesty or falsehood, they cannot be used for impeachment purposes under Rule 609(a)(2).

**B.      Mr. Mooney's Felony Convictions may not be used for Impeachment Purposes because they are over Ten (10) Years Old.**

Rule 609(a)(1) permits a witness to be impeached by a previous felony conviction. However, Rule 609(b) limits the use of such impeachment to felony convictions that are less than ten (10) years old. In fact, the Conference Committee Notes to Rule 609(b) itself states that, "It is intended that convictions over 10 years old will be admitted *very rarely* and only in *exceptional circumstances*."

As a practical matter, the exclusionary presumption of the Rule 609(b) test means that an old conviction should almost always be excluded, and this is especially so if one of the following circumstances exist: (1) the witness has already been impeached with other evidence; (2) the old conviction is highly inflammatory; or (3) the conviction is that

of a party or an affiliate of a party and it bears a similarity to the subject matter of the action. Conference Committee Notes, *citing* United States v. Hamilton, 48 F.3d 149 (5th Cir. 1995). Two of these factors apply in this case. First, Mr. Mooney will be able to be impeached by the fact that he has been previously convicted of a felony. This is a fact that Mr. Mooney is willing to stipulate to. Secondly, the old convictions are highly inflammatory. There is a significant risk that the jury will believe that Mr. Mooney did break into his ex-wife's home based simply upon the fact that he has been convicted of burglary in the past.

The fact that convictions are to be used in only extreme circumstances is well recognized and supported in the Fourth Circuit. United States v Cavender, 578 F2d 528 (4th Cir. 1978). In that case, the Fourth Circuit held that the exception to Rule 609(b) requires a showing by the government of specific, i.e., articulated facts that the probative value of an old conviction outweighs the prejudicial effect and the impeachment use of an old conviction should be granted only in "very rare and exceptional circumstances." Id.

The Sixth Circuit has agreed, holding that the probative value of a 21-year-old burglary conviction or a 12-year-old conviction for transporting a stolen motor vehicle substantially outweighs their prejudicial effect. United States v Sims, 588 F2d 1145 (6th Cir. 1978). In fact, the majority of appellate courts will reverse convictions for abuse of discretion in admitting convictions more than 10 years old for purposes of impeachment. United States v Cox, 536 F2d 65 (5th Cir. 1976); United States v Shapiro, 565 F2d 479 (7th Cir. 1977); United States v Gilliland, 586 F2d 1384 (10th Cir. 1978).

Thus, in order for Mr. Mooney to be impeached by his previous convictions under Rule 609(a)(1), two factors must be met. First, the convictions must be felony convictions. Secondly, the felony convictions must not be more than ten (10) years old.

In the instant case, Mr. Mooney has been convicted of five (5) felonies. Mr. Mooney plead guilty to Attempting to Commit a Felony on January 5, 1982, and he was released from custody on November 20, 1982. Therefore, this felony is over twenty-five (25) years old, and as such, must be excluded pursuant to Rule 609(b).

Mr. Mooney plead guilty to Second Degree Burglary on May 6, 1982. He was incarcerated for only six (6) months and was placed on probation for three (3) years. As such, this felony conviction is also more than twenty-five (25) years old. Thus, it too must be excluded pursuant to Rule 609(b).

Mr. Mooney then plead guilty to the charge of Attempted Non-Aggravated Robbery on February 23, 1983. He was sentenced to five (5) to eighteen (18) years. However, his sentence was commuted by the Governor to time served due to Mr. Mooney turning over a handgun to authorities that was smuggled into prison. Mr. Mooney was paroled on July 21, 1987. Therefore, this felony conviction is more than twenty (20) years old and cannot be used for impeachment purposes pursuant to Rule 609(b).

Mr. Mooney then plead guilty to the charge of Aggravated Robbery on May 12, 1988. He was sentenced to fifteen (15) years imprisonment, with his sentence being suspended. However, his probation was revoked and he was incarcerated until March 24, 1994. Thus, this conviction is approximately twenty (20) years old. More importantly, Mr. Mooney was released from custody more than thirteen (13) years ago.

Mr. Mooney plead guilty to his last felony conviction on August 9, 1988. Again, he was sentenced to fifteen (15) years imprisonment, with his sentence being suspended. However, his probation was revoked and he was incarcerated until March 24, 1994.

All of Mr. Mooney's felony convictions are between nineteen (19) and twenty-five (25) years old. In addition, he has not been incarcerated for any of these felony convictions within the last thirteen (13) years. Therefore, none of these felony convictions may be used for purposes of impeaching Mr. Mooney pursuant to Rule 609(b). As a result, Mr. Mooney requests that this Court prohibit the United States from using his previous felony convictions in an attempt to impeach him under Rule 609(a)(1), because said convictions are inadmissible pursuant to Rule 609(b).

C.     **Mr. Mooney's Previous Arrests are Inadmissible.**

Mr. Mooney's criminal record reveals that he has been arrested on occasions wherein he has not been convicted of any crime. An effort to impeach a witness on the basis of a mere accusation or arrest is not permissible. United States v Hodnett, 537 F2d 828 (5th Cir. 1976). Likewise, a district court should refuse to permit impeachment of a witness with evidence of prior arrests, since Rule 609 provides that the credibility of a witness may be attacked with evidence of a conviction of crime only if the evidence is established by a public record or elicited from the witness. Jackson v Crews, 873 F2d 1105 (8th Cir. 1989).

Since the United States is prohibited from impeaching Mr. Mooney with his previous arrests, he respectfully requests that this Court prohibit the United States from attempting such impeachment or referencing his previous arrests in any manner.

WHEREFORE, the Defendant, Mr. Mooney, respectfully requests that this Honorable Court grant his Motion

        Respectfully submitted,

        **John David Mooney**,
        By counsel,

s/Nicholas S. Preservati
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA,**

v.                                                          Criminal Action No. 3:02-cr-00231
                                                            Honorable Robert C. Chambers

**JOHN DAVID MOONEY,**

   **Defendant.**

### CERTIFICATE OF SERVICE

I certify that on the 13th day of November, 2007, I filed the foregoing **Motion In Limine to Prohibit Reference to Defendant's Underlying Felony Convictions and for Stipulation Related to Defendant's Felon Status** with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participants:

Miller A. Bushong, III, Esquire
U. S. ATTORNEY'S OFFICE
110 Heber Street, Room 261
Beckley, West Virginia 25801
304/253-6722
Fax: 304/253-9206
miller.bushong@usdoj.gov


s/Nicholas S. Preservati            ____
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*

13