IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:02-cr-00231 |
| | ) | Honorable Robert C. Chambers |
| | ) | |
| JOHN DAVID MOONEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO PROHIBIT REFERENCE TO DEFENDANT'S UNDERLYING FELONY CONVICTIONS AND FOR STIPULATION RELATED TO DEFENDANT'S FELON STATUS**

COMES NOW the Defendant, by counsel, Nicholas S. Preservati and Joseph L. Jenkins, of Preservati Law Offices, PLLC, and hereby moves this Honorable Court for an Order prohibiting the United States from referencing the Defendant's prior felony convictions and requiring the United States to stipulate to the Defendant's felon status, and in support thereof states as follows:

Mr. Mooney is currently being prosecuted for an alleged violation of 18 U.S.C. §922. This statute makes it unlawful for anyone convicted of a felony to possess a firearm. Mr. Mooney has been convicted of five (5) felonies, which include: 1) Attempt to Commit a Felony (1982); Second Degree Burglary (1982); Attempted Non-Aggravated Robbery (1983); Aggravated Robbery (1988); and again, Aggravated Robbery (1988). Based upon the United States' production of the Judgments of Conviction for these offenses through the discovery process, it is believed that the United States intends to enter the Judgments of Conviction into evidence during trial.

Any reference to the name or underlying facts of Mr. Mooney's prior felony convictions would be unfairly prejudicial and would preclude Mr. Mooney from receiving a fair and impartial trial. As such, they are inadmissible under Rule 403 of the Federal Rules of Evidence. Therefore, Mr. Mooney is requesting an order prohibiting the United States from mentioning his prior criminal convictions during the reading of the Indictment, during jury selection, in opening statement, or closing argument, and to refrain from offering into evidence or soliciting any testimony from any witness regarding his prior criminal convictions, except to state that the Defendant has been convicted of a crime punishable by imprisonment exceeding one (1) year. Mr. Mooney is willing to stipulate to the fact that he has been convicted of a crime punishable by imprisonment for a term exceeding one year.

This very issue has already been decided by the United States Supreme Court in Old Chief v. United States, 519 U.S. 172; 117 S.Ct. 644; 136 L.Ed.2d 574 (1997). In that case, the defendant was arrested after a fracas involving at least one gunshot. The ensuing federal charges included not only assault with a dangerous weapon and using a firearm in relation to a crime of violence, but also a violation of 18 U.S.C. § 922(g)(1). Before trial, the defendant moved for an order requiring the government to refrain from mentioning his prior criminal convictions, except to state that he had been convicted of a crime punishable by imprisonment exceeding one (1) year. He said that revealing the name and nature of his prior assault conviction would unfairly tax the jury's ability to hold the Government to its burden of proof beyond a reasonable doubt on current charges of assault, possession, and violence with a firearm, and he offered to "solve the problem here by stipulating, agreeing and requesting the Court to instruct the jury that he has been

convicted of a crime punishable by imprisonment exceeding one (1) year." He argued that the offer to stipulate to the fact of the prior conviction rendered evidence of the name and nature of the offense inadmissible under Rule 403 of the Federal Rules of Evidence, the danger being that unfair prejudice from that evidence would substantially outweigh its probative value.

The Assistant United States Attorney refused to join in a stipulation, insisting on his right to prove his case his own way, and the District Court agreed, ruling orally that, "If he doesn't want to stipulate, he doesn't have to.

The Supreme Court agreed with the defendant that in cases such as this, "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." The Supreme Court further held that the risk will be substantial whenever the official record offered by the Government "would be arresting enough to lure a juror into a sequence of bad character reasoning. The Court further held:

> Old Chief's proffered admission would, in fact, have been not merely relevant but seemingly *conclusive* evidence of the element. The statutory language in which the prior-conviction requirement is couched shows no congressional concern with the *specific name or nature* of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies, and Old Chief clearly meant to admit that his felony did qualify, by stipulating "that the Government has proven one of the essential elements of the offense." As a consequence, although the name of the prior offense may have been technically relevant, it addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation or admission. Logic, then, seems to side with Old Chief.

3

In explaining its holding, the High Court stated that the most the jury needed to know was that the conviction admitted by the defendant fell within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point could have been readily made by defendant's proffered admission. Id. In addition, the Court determined that there was no practical difference between the Judgments of Conviction and the proffered admission of the defendant. Specifically, the Court noted, "there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." More importantly, the Court expressly held that, "the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, *and it was an abuse of discretion to admit the record when an admission was available*." (emphasis added).

Finally, the Court concluded its opinion by stating that:

> The issue here is whether a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction. *We hold that it does*.

(emphasis added).

Mr. Mooney's case is almost identical to the Old Chief case. Mr. Mooney is facing prosecution under 18 U.S.C. 922. More importantly, Mr. Mooney has been convicted of several felonies, which, if disclosed to the jury, would unfairly prejudice his ability to obtain a fair trial. There is a significant risk that a jury would simply decide that a person previously convicted of Second Degree Burglary, Attempted Non-

Aggravated Robbery, and Aggravated Robbery would be the type of person that would also be in possession of a firearm. This is the very type of "bad character" reasoning that Rule 403 and the Supreme Court's opinion in Old Chief were designed to prevent. In fact, when comparing the underlying felonies in the Old Chief case and the instant case, there is without question a greater risk to Mr. Mooney that he will be the victim of bad character reasoning. If the United States Supreme Court found that the risk was too great in a case with less egregious facts, there should be no hesitation from this Court in requiring the United States to enter into such a stipulation.

In addition, there is no harm whatsoever to the United States by requiring it to stipulate to the fact that Mr. Mooney has been convicted of a crime punishable by imprisonment for a term exceeding one year. As the Supreme Court noted, such an admission by a defendant is *conclusive* evidence of the prior felon element. Therefore, there is absolutely no harm to the United States. However, as acknowledged by the Supreme Court, it is unfairly prejudicial to a defendant and is an abuse of discretion for a court to admit any reference to the underlying felony convictions when the defendant is willing to stipulate to his prior felony convictions in a 18 U.S.C. 922 prosecution.

As such, Mr. Mooney respectfully requests that this Court require the United States to enter into a stipulation stating that, "Mr. Mooney has been convicted of a crime punishable by imprisonment for a term exceeding one year." Mr. Mooney further requests that this Court prohibit the United States from mentioning his prior criminal convictions during the reading of the Indictment, during jury selection, in opening statement, or closing argument, and to refrain from offering into evidence or soliciting any testimony from any witness regarding his prior criminal convictions, except to state

5

that the Defendant has been convicted of a crime punishable by imprisonment exceeding one (1) year.

WHEREFORE, the Defendant, Mr. Mooney, respectfully requests that this Honorable Court grant his Motion In Limine to Prohibit Reference to Defendant's Underlying Felony Convictions and for Stipulation Related to Defendant's Felon Status, and any other relief this Court deems appropriate.

Respectfully submitted,

**John David Mooney**,
By counsel,

s/Nicholas S. Preservati\_\_\_\_
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA,**

v.   Criminal Action No. 3:02-cr-00231
  Honorable Robert C. Chambers

**JOHN DAVID MOONEY,**

  **Defendant.**

### CERTIFICATE OF SERVICE

I certify that on the 13th day of November, 2007, I filed the foregoing **Motion In Limine to Prohibit Reference to Defendant's Underlying Felony Convictions and for Stipulation Related to Defendant's Felon Status** with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participants:

Miller A. Bushong, III, Esquire
U. S. ATTORNEY'S OFFICE
110 Heber Street, Room 261
Beckley, West Virginia 25801
304/253-6722
Fax: 304/253-9206
miller.bushong@usdoj.gov


s/Nicholas S. Preservati                     _____
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*