IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| v.    ) | Criminal Action No. 3:02-cr-00231 |
| ) | Honorable Robert C. Chambers |
| JOHN DAVID MOONEY,    ) | |

**MOTION TO PRODUCE**

COMES NOW the Defendant, by counsel, Nicholas S. Preservati and Joseph L. Jenkins, of Preservati Law Offices, PLLC, and hereby moves this Honorable Court for an Order granting Mr. Mooney's Motion to Produce, and in support thereof states as follows:

**Photographs**

The Huntington Police Report provided by the United States specifically states that photographs were taken on the night of Mr. Mooney's arrest. It is unclear from the report whether the photographs were taken of the crime scene or whether they were booking photographs of Mr. Mooney. Regardless, Mr. Mooney requests copies of these photographs, as they are pertinent to his defense. The crime scene photographs may tend to discredit the claim that Mr. Mooney broke into his ex-wife's residence. The booking photographs are also relevant in that they will show Mr. Mooney's exact state of dress at the time he was arrested. Mr. Mooney's state of dress at the time of arrest is probative of whether or not he broke into his ex-wife's residence.

**911 Tape Recording**

Counsel for Mr. Mooney has not been provided with a copy of the 911 tape recording from the evening of Mr. Mooney's arrest. Counsel has only been provided

with a transcript of the call. As such, Counsel cannot verify the accuracy of the transcript. Furthermore, Mr. Mooney and his ex-wife can both be heard on the tape recording. The recording provides Mr. Mooney with significant evidence that the transcript does not. Furthermore, Counsel may conduct an analysis of the recording that may not be conducted on the transcript. For instance, there are several relevant factors that the tape provides insight to that the transcript does not, including: 1) the demeanor of the individuals on the tape; 2) the volume or intonation with which the witnesses speak; 3) as well as the witnesses' overall credibility. The tape recording is the best evidence available and it should be provided to Mr. Mooney.

**Inspection of Firearm**

Mr. Mooney hereby requests that he be allowed to inspect the weapon he allegedly possessed on the night of his arrest. To date, Mr. Mooney has not been provided the opportunity to inspect the weapon or even provided with photographs of the weapon. The firearm is the central piece of evidence in this case, and as such, Mr. Mooney is entitled to fully and thoroughly inspect the firearm.

**Criminal Record of Florencia McCloud**

Mr. Mooney has already advised the United States that he is asserting the affirmative defense of justification. This defense is based in part upon the fact that Ms. McCloud has discharged a firearm at other individuals on at least two occasions prior to Mr. Mooney's arrest. To the extent that Ms. McCloud has a criminal record related to her use and discharge of a firearm, such a criminal record may not only provide Mr. Mooney with the ability to impeach Ms. McCloud, it is substantially probative of his fear that she would have discharged the weapon had he not taken it away from her.

**Evidence Related to the Booking of Mr. Mooney**

An inventory of the belongings in Mr. Mooney's possession at the time of his arrest would have been taken when he was booked at the jail. Mr. Mooney is not only requesting all booking photographs, he is also requesting copies of all of the intake forms related to his booking, including any inventory of his personal property taken away from him.

This information is highly probative of whether Mr. Mooney broke into Ms. McCloud's residence. An individual breaking into a residence is going to have different items in their possession then will an individual who has changed clothes and is preparing to go to sleep. Therefore, it is of utmost necessity that all information related to Mr. Mooney's arrest and booking be provided to him as soon as possible.

WHEREFORE, the Defendant, Mr. Mooney, respectfully requests that this Honorable Court grant his Motion to Produce, and any other relief this Court deems appropriate.

Respectfully submitted,

**John David Mooney**

s/Nicholas S. Preservati
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA,**

v.  **Criminal Action No. 3:02-cr-00231**
**Honorable Robert C. Chambers**

**JOHN DAVID MOONEY,**

**Defendant.**

## CERTIFICATE OF SERVICE

I certify that on the 13th day of November, 2007, I filed the foregoing **Motion to Produce** with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participants:

Miller A. Bushong, III, Esquire
U. S. ATTORNEY'S OFFICE
110 Heber Street, Room 261
Beckley, West Virginia 25801
304/253-6722
Fax: 304/253-9206
miller.bushong@usdoj.gov

s/Nicholas S. Preservati
Nicholas S. Preservati (W.Va. Bar #8050)
Joseph L. Jenkins (W.Va. Bar #9680)
**Preservati Law Offices, PLLC**
Post Office Box 1431
Charleston, West Virginia 25325
304.346.1421
304.346.1744 *facsimile*
*Counsel for Defendant*